# LISTON GARY NOBLE v. STATE OF MARYLAND

[App. No. 16, September Term, 1980.]

*Decided July 9, 1980.*

Before GILBERT, C. J., and MORTON and THOMPSON, JJ.

Submitted by *William N. Butler* for applicant.

Submitted by *Stephen H. Sachs, Attorney General,* and *William A. Swisher, State's Attorney for Baltimore City,* for respondent.

THOMPSON, J., delivered the opinion of the Court.

Liston Gary Noble, the applicant, was convicted by a jury in the Criminal Court of Baltimore, of felony murder, attempted robbery and the use of a handgun in the commission of a crime of violence. He was sentenced to a life term for the murder, with concurrent sentences of five years for the attempted robbery and for the handgun violation.[1] The judgment was affirmed by this Court in an unreported per curiam opinion. *Noble v. State,* No. 769, September Term, 1976, filed on May 27, 1977. By an order dated March 21, 1980, the Criminal Court of Baltimore vacated the applicant's attempted robbery conviction but denied further relief under the Uniform Post Conviction Procedure Act. The applicant now seeks leave to appeal the denial of additional relief.

The record shows that the applicant was one of a group of four men who drove to an alley near the victim's house in order to commit a robbery. A co-defendant went into the house while the other three men, including the applicant, maintained a lookout. In a few minutes the co-defendant returned and advised the others that he had had to shoot the victim. The applicant was convicted on the basis of being a principal in the second degree.

In his application (indeed in his two applications for leave to appeal) the applicant through counsel and pro se states that a number of issues were decided erroneously by the hearing judge; the only argument, however, relates to the absence of the accused at a bench conference during the trial. Inasmuch as Md. Rule BK 46 b provides, "The application shall contain a brief statement of the reasons why the other order should be reversed or modified", we will decline to consider any issue except the absence from the bench conference. As to this issue the hearing judge found as follows:

> "Petitioner alleges that at the voir dire stage of the proceedings on May 10, 1976, he was not present at a bench conference that constituted an

---

1. The record indicates that the applicant rejected a plea bargain carrying a twenty year sentence.

integral and substantial part of the process of impanelling the jury. Therefore, petitioner asserts that his absence and his non-waiver of his right to be present at the said bench conference violated his rights under Maryland Rule 724.

"The Petitioner's claim apparently rests on the decision of the Court of Special Appeals in *Haley v. State,* 40 Md. App. 349 [392 A.2d 551, *cert. denied,* 284 Md. 744] (1978), which held that, 'There can be no doubt, therefore, that examination of prospective jurors on their *voir dire* is a stage of the trial at which the defendant has a right to be present.' . . . .

"In response to the voir dire questions by the trial court as to whether any of the assembled panels of prospective jurors or their families ever had been a victim of a crime of violence, one juror approached the bench with both counsel present. The particular bench conference in question was very brief and consisted totally as follows:

> THE JUROR: Part four, I'm Mr. Roy. My father and brother were both murdered in the city, no arrests have been made in the case.
> THE COURT: Well I have a feeling that probably would make it pretty difficult for you to sit on a jury of this kind. I'm going to excuse you.
> MR. ROY: All right, thank you."

The hearing judge found that any error which may have occurred was harmless because the juror was excused by the trial judge and did not sit on the jury. Although we find it difficult to see how the applicant was injured here, the cases are legion which state that the Maryland Rules are precise rubrics to be read and followed. *See, e.g., Countess v. State,* 286 Md. 444, 408 A.2d 1302 (1979). It seems minor discrepancies might be permitted. *Terrell v. State,* 34 Md. App. 418, 421-22, 367 A.2d 95 (1977). We think the hearing

judge was in error in the instant case under *Bunch v. State,* 281 Md. 680, 381 A.2d 1142 (1978).

The hearing judge also denied relief because he felt that *Haley* was not to be applied retroactively, relying on the retroactivity discussion in *Schowgurow v. State,* 240 Md. 121, 213 A.2d 475 (1964). We think this reliance was misplaced. Unlike *Schowgurow, Haley* did not involve a newly decided constitutional doctrine. Rather, in interpreting Md. Rule 724, we applied the long standing common law principle that an accused has a right to be present at every stage of his trial, a right preserved by Art. 5 of the Maryland Declaration of Rights. In *Bunch v. State, supra* the Court of Appeals stated in language quoted by this Court in *Haley:*

> "Long ago the Supreme Court held that proceedings during the impaneling of the jury, and involving challenges to prospective jurors on the ground of bias, constituted a stage of the trial at which the defendant had a right to be personally present, *Hopt v. Utah,* 110 U.S. 574, 4 S. Ct. 202, 28 L. Ed. 262 (1884)." 281 Md. at 686.

Accordingly, we hold that the lower court erred in concluding that *Haley* was to be applied prospectively only.

It does not necessarily follow, however, the applicant is entitled to relief. *Md. Code,* Art. 27, § 645A (c) provides as follows:

> "(c) *When allegation of error deemed to have been waived.* — For the purposes of this subtitle, an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner,

unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner.

"When an allegation of error could have been made by a petitioner before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, but was not in fact so made, there shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation."

In *Haley v. State,* 40 Md. App. at 354-55, we stated:

"B. The Presence of the Appellant

"Although the appellant was present in the courtroom when the subject bench conferences took place, the record does not show whether or not he was present at the bench during those discussions. We cannot and do not presume he was present from a silent record, but we can and do require, as a matter of state procedure, that the complete facts be brought out in post conviction procedures. We followed this procedure in *Green v. State,* 23 Md. App. 680, 683, 329 A.2d 731 (1974), *cert. denied,* 274 Md. 728 (1975). *Compare Bunch v. State, supra,* and *Redman v. State,* [26 Md. App. 241, 337 A.2d 441 (1975)], where the records on direct appeal were clear that the accused was not present at critical times. *See also, State v. Zimmerman,* 261 Md. 11, 273 A.2d 156 (1971).

"C. Waiver

"The right of a criminal defendant to be present at every critical stage of his trial is personal to the defendant and cannot be waived by counsel. *Bunch v. State, supra; Brown v. State* [225 Md. 349, 170

A.2d 300 (1961), *cert. denied,* 372 U.S. 960 (1963)]; *Midgett v. State,* 216 Md. 26, 139 A.2d 209 (1958). The record does not indicate whether or not the appellant waived his rights under Rule 724. This, too, can be determined in post conviction procedures as set out above, if it is first determined that appellant was not present at the bench conferences."

It would appear from the quotation of the trial transcript by the hearing judge, the appellant's absence from the bench conference was probably not entirely clear from the trial transcript. It would seem, therefore, that the mere failure to raise the question in the direct appeal would not itself constitute a waiver.[2] There can be no question, however, that it is possible that the waiver occurred at the trial itself. Md. Rule 724 a and c provide as follows:

"a. *When Presence Required.*

"The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as provided by these Rules.

"c. *When Presence Waived.*

"A defendant initially at trial waives his right to be present when:

1. He voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his right to remain during trial; or

2. He engages in conduct to justify his being excluded from the courtroom."

We do not think that the two circumstances set forth in the Rule are the only circumstances where the appellant's right to be present can be waived. The hearing judge did not

---

2. Of course, if the absence is clear, the statutory presumption of waiver would apply.

address this question and we will, therefore, grant the application and remand the case for further proceedings as to the question of waiver only.

The applicant argues that the waiver must be intelligent and knowing to be effective. We do not agree. There are a number of rights, some of them constitutional, that an accused may waive without any knowledge that he has such rights. In *Curtis v. State,* 284 Md. 132, 145-47, 395 A.2d 464 (1978), the Court stated:

> "On the other hand, the Supreme Court has made it abundantly clear that the concept of 'waiver' set forth in *Fay v. Noia, supra* [372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963)] and *Johnson v. Zerbst, supra* [304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)], has no application in a variety of situations where a criminal defendant is deemed bound by prior action or inaction.

> "In *Schneckloth v. Bustamonte, supra* [412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973)], it was held that where a defendant voluntarily consents to a search, he thereby foregoes any Fourth Amendment rights despite the absence of a *Johnson v. Zerbst* type of waiver."

> \* \* \*

> "*Estelle v. Williams,* 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976), considered the right of a criminal defendant not to be tried in jail clothes. The Court found that although a defendant has a constitutional right not to be tried in such attire, only by affirmatively asserting this right will it be given effect."

> \* \* \*

> "The principle that a criminal defendant may be precluded from raising an issue despite the absence of a 'waiver' in the *Johnson v. Zerbst* sense, extends beyond the area of attorney's trial tactics. Thus, in *Davis v. United States,* 411 U.S. 233, 93 S. Ct. 1577, 36 L. Ed. 2d 216 (1973), a federal prisoner sought

post conviction relief under 28 U.S.C. § 2255, asserting that the racial composition of the grand jury which indicted him was unconstitutionally discriminatory." . . . .

"The Court in *Francis v. Henderson,* 425 U.S. 536, 96 S. Ct. 1708, 48 L. Ed. 2d 149 (1976), was faced with a similar attack on the grand jury's racial composition in the context of a state proceeding. The issue before the Court was whether the failure of a state prisoner to note a timely objection to the composition of the grand jury which indicted him would bar him from federal habeas corpus relief. The Court noted that ' "[t]here is no reason to ... give greater preclusive effect to procedural defaults by federal defendants than to similar defaults by state defendants." ' 425 U.S. at 542, quoting *Kaufman v. United States,* 394 U.S. 217, 228, 89 S. Ct. 1068, 22 L. Ed. 2d 227 (1969). Rejecting the argument that the 'knowing and intelligent' standard set forth in *Johnson v. Zerbst* and *Fay v. Noia* be applied, the Court held that in the normal case, unless the defendant shows 'cause' and 'actual prejudice' for failing to comply with a legitimate state procedural requirement, the procedural default should be upheld. Consequently, it is clear that a 'procedural default' in certain circumstances, even where a defendant may personally have been without knowledge or understanding of the matter, may result in his being precluded from asserting important rights."

We think the accused's right to be present at the bench conference set out above is one of those rights which can be waived by inaction and not one that requires an affirmative act based on an intelligent and knowing understanding of his rights.

Nor do we consider that a trial counsel who in the heat of a trial overlooked the right of his client to be present at a short bench conference is to be considered incompetent, as

applicant claims. The hearing judge in the instant case found as follows:

"The test concerning inadequacy of counsel is whether, under all circumstances of the particular case, the Petitioner has been afforded a genuine and effective representation. *Slater v. Warden of Md. Pen*, 241 Md. 668, [217 A.2d 344] (1966). After examining the transcript of the trial below, this Court fails to find Petitioner's counsel inadequate. Petitioner's trial counsel, an attorney with long experience in the criminal law practice, energetically defended Petitioner at the trial. Evidence at the hearing before this Court also disclosed that the Petitioner was consulted as to his impressions of prospective jurors and opinions during the rather extensive voir dire examination of the jury panels subject to such examinations, with many peremptory challenges being made. Also, in fact, at the hearing before this Court, the Petitioner testified that his attorney had indicated the State was receptive to a negotiated plea of guilty with a 20 year sentence recommendation. Petitioner's belated disagreement with his counsel on how to pursue the case on appeal as claimed in his Petition does not constitute sufficient proof to meet the Petitioner's burden of proving that he was not afforded genuine and effective counsel on that level. *State v. Hardy*, 2 Md. App. 150, [233 A.2d 365] (1967)." [3]

Although we cannot find appellant's trial counsel incompetent for one relatively minor slip up, we do not retreat from our position requiring the presence of an accused during every stage of the trial as set forth in *Tisdale v. State*, 41 Md. App. 149, 153, 396 A.2d 289 (1979).

> *Application granted.*
> *Case remanded for further proceedings in accordance with this opinion.*

---

[3]. This specific finding is not contested here.