# EDWARD H. WILLIAMS *v.* STATE OF MARYLAND

[No. 102, September Term, 1980.]

*Decided December 28, 1981.*

202

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Louis P. Willemin, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Michael A. Anselmi, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court. COLE and DAVIDSON, JJ., concur in part and dissent in part. COLE, J., filed an opinion concurring in part and dissenting in part at page 220 *infra,* in which DAVIDSON, J., concurs.

This case presents important questions concerning (1) the Court of Appeals' jurisdiction to review a case arising under the Post Conviction Procedure Act, Maryland Code (1957, 1976 Repl. Vol., 1981 Cum. Supp.), Art. 27, §§ 645A-645J, and (2) waiver of a criminal defendant's right to be present at every stage of his trial.

In December 1975, Edward H. Williams was convicted in the Criminal Court of Baltimore of second degree murder and assault with intent to murder. He received a thirty-year sentence on the murder conviction and a ten-year consecutive sentence on the assault with intent to murder conviction. The Court of Special Appeals thereafter affirmed the convictions and sentences in an unreported opinion.

The present proceedings began on October 24, 1979, when Williams filed a petition under the Post Conviction Procedure Act. In his petition as amended he contended, *inter alia,* that he was denied the right to be present at every stage of his trial because the jury voir dire was conducted at the bench in his absence. At the hearing on the post conviction

petition, the transcript of the original trial was introduced, and both Williams and his original trial counsel testified. At the conclusion of the hearing, the post conviction trial court (Baylor, J.) found that voir dire questioning of several prospective jurors had taken place at a bench conference while Williams remained at the trial table, and that Williams was not called to the bench until after voir dire questioning was complete. The court, relying upon testimony that Williams was not aware that he had a right to be present at the bench conference and that he would have attended the conference if he had known that he was entitled to attend, further found that Williams had not waived his right to be present when the prospective jurors were being interviewed. The post conviction court concluded that, under this Court's decision in *Bunch v. State,* 281 Md. 680, 381 A.2d 1142 (1978), Williams had been denied the right to be present at a critical stage of his trial. The court granted Williams a new trial.

The State then filed in the Court of Special Appeals an application for leave to appeal. In the application, the State argued that, despite the evidence and finding that Williams was unaware of his right to be present, the right was waived by Williams's "inaction." The State relied on the principle that "[a]n accused may waive a number of rights even though he had no knowledge of such rights," citing *Curtis v. State,* 284 Md. 132, 395 A.2d 464 (1978).

The Court of Special Appeals granted the application for leave to appeal and remanded the case to the trial court for further consideration in light of its decision in *Noble v. State,* 46 Md. App. 154, 416 A.2d 757 (1980). In its opinion in the instant case, the Court of Special Appeals quoted from the *Noble* opinion as follows:

> " 'We think the accused's right to be present at the bench conference set out above is one of those rights which can be waived by inaction and not one that requires an affirmative act based on an intelligent and knowing understanding of his rights.' " (quoting from 46 Md. App. at 161).

This Court then granted Williams's petition for a writ of certiorari.

## I.

The threshold issue before us is whether this Court has jurisdiction to review the judgment of the Court of Special Appeals. The State argues that we have no jurisdiction whatsoever to review any case arising under the Post Conviction Procedure Act, Art. 27, §§ 645A-645J.

The Post Conviction Procedure Act in § 645-I provides that any person aggrieved by the order of the trial court in a proceeding under the statute "may within thirty (30) days after the passage of said order apply to the Court of Special Appeals for leave to prosecute an appeal therefrom." Consequently, there is no right of appeal in a post conviction action but only the right to apply for leave to appeal. On the other hand, the statute and implementing rules contemplate that if the application for leave to appeal is granted, the case shall be treated as any other appeal. Section 645-I goes on to state that "[i]f the application to prosecute such appeal shall be granted, the procedure thereafter shall be in conformity with the Maryland Rules . . . ." Maryland Rule BK47 provides that if the application is granted, "further proceedings shall be had . . . as if the order granting leave to appeal were the order of appeal . . . ." Rule BK47 refers to the Ch. 1000 rules relating to appeals to the Court of Special Appeals and the Ch. 800 rules relating to certiorari review in this Court.[1]

---

1. Section 645-I of the Post Conviction Procedure Act states in its entirety:

"Any person, including the Attorney General of Maryland or the State's attorney for Baltimore City or any county, as the case may be, aggrieved by the order of the court or judge passed in accordance with this subtitle, may within thirty (30) days after the passage of said order apply to the Court of Special Appeals for leave to prosecute an appeal therefrom. Said application for leave to prosecute an appeal shall be in the form prescribed by the Maryland Rules, and in the event that the Attorney General or the State's attorney shall forthwith state his intention to file such application for an appeal, the order may be stayed, but the judge may, in his discretion, admit the petitioner to bail for his appearance when required. If the application to prosecute such

Prior to January 1, 1974, Art. 5 of the Code, relating to "Appeals," provided in § 21A as follows (1973 Cum. Supp., emphasis supplied):

> "In *any case or proceeding in which a decision has been rendered by the Court of Special Appeals* upon appeal from the circuit court of any county, the Criminal Court of Baltimore, or one of the law or equity courts of Baltimore City, if it shall be made to appear to the Court of Appeals upon petition of any party, including the State, that a review is desirable and in the public interest, the Court of Appeals shall require, by certiorari or otherwise, any such case to be certified to the Court of Appeals for its review and determination, *except no such petition shall be entertained by the Court of Appeals from the denying or granting by the Court of Special Appeals of an application for leave to prosecute an appeal in post conviction and defective delinquent proceedings* and from the denying or granting by the Court of Special Appeals of a petition for review filed under § 21 of this article."

Thus, § 21A granted this Court broad jurisdiction to review the *decisions* of the Court of Special Appeals in *any*

---

appeal shall be granted, the procedure thereafter shall be in conformity with the Maryland Rules and the Court may affirm, reverse or modify the order appealed from, or it may remand the case for further proceedings, but if said application is denied, the order sought to be reviewed shall thereby become final."

Rule BK47 provides:

"Rule BK47. Leave Granted — Further Proceedings.

If leave to appeal is granted, unless the Court otherwise directs, further proceedings shall be had pursuant to Chapter 800 (Appeals to the Court of Appeals) or Chapter 1000 (Appeals to the Court of Special Appeals) as if the order granting leave to appeal were the order of appeal filed pursuant to Rule 812 or 1012 (Appeal — Times for Filing) except that if the record on application for leave to appeal shall constitute the entire record to be considered on the appeal then the time for the filing of the appellant's brief shall be within forty days after the date of the order granting leave to appeal."

case or proceeding. However, we had no jurisdiction to review the action of the intermediate appellate court in denying or granting leave to appeal. This exception related only to "the denying or granting" of the leave to appeal application. As the State concedes in its brief, if the Court of Special Appeals granted an application, this Court clearly was given authority to review the merits of the Court of Special Appeals' decision. In this respect, Art. 5, § 21A, was entirely consistent with § 645-I of the Post Conviction Procedure Act and the implementing rules, which treated a case in which leave to appeal had been granted the same as any other appeal.

Effective January 1, 1974, Art. 5 of the Code was re-codified as Title 12 of the Courts and Judicial Proceedings Article. The broad authority of this Court to issue a writ of certiorari "in any case or proceeding pending in or decided by the Court of Special Appeals" was set forth in § 12-201. The exception for leave to appeal applications was contained in § 12-202, and, as originally worded, stated:

> "No review by way of certiorari may be granted by the Court of Appeals in a case or proceeding in which the Court of Special Appeals has denied or granted:
>
> (1) Leave to prosecute an appeal in a post conviction proceeding;
>
> (2) Leave to prosecute an appeal in a defective delinquent proceeding;
>
> (3) A petition for certiorari under § 12-305 of this title; or
>
> (4) Leave to appeal from a refusal to issue a writ of habeas corpus sought for the purpose of determining the right to bail or the appropriate amount of bail." [2]

---

2. Section 12-202, as presently worded (1980 Repl. Vol.), is as follows:

"A review by way of certiorari may not be granted by the Court of Appeals in a case or proceeding in which the Court of Special Appeals has denied or granted:

The language of the exception was, therefore, modified to encompass "a case or proceeding in which the Court of Special Appeals has denied or granted" leave to appeal. The State, relying largely on a revisor's note, contends that this modification in wording effected a change in this Court's jurisdiction and that we have no authority to review the decision by the Court of Special Appeals in any case in which that court had earlier granted or denied an application for leave to appeal.

The issue of whether the 1974 re-codification was intended to change the law and deprive this Court of jurisdiction to review the merits of a case after the Court of Special Appeals granted leave to appeal, was first dealt with by this Court in *Jourdan v. State,* 275 Md. 495, 341 A.2d 388 (1975). In *Jourdan,* the defendant had filed a petition under the Post Conviction Procedure Act attacking his criminal conviction on double jeopardy grounds. The trial court set aside the criminal conviction; the State applied to the Court of Special Appeals for leave to appeal; the intermediate appellate court granted the application and transferred the case to its regular appeal docket; and thereafter it reversed the trial court's decision. This Court granted a petition for a writ of certiorari and reversed the judgment of the Court of Special Appeals. The Court did not, however, review the earlier action of the Court of Special Appeals in granting the state's application for leave to appeal. In the *Jourdan* opinion we expressly noted the jurisdictional issue and held that we had jurisdiction over the Court of Special Appeals' decision on the merits, saying (275 Md. at 506, n. 4):

> "Under Maryland Code (1974), § 12-202(1) of the Courts and Judicial Proceedings Article, this Court has no jurisdiction to review a decision of the Court

---

(1) Leave to prosecute an appeal in a post conviction proceeding;

(2) Leave to appeal from a refusal to issue a writ of habeas corpus sought for the purpose of determining the right to bail or the appropriate amount of bail;

(3) Leave to appeal in an inmate grievance commission proceeding."

of Special Appeals granting or denying leave to appeal in a post conviction proceeding. However, once the Court of Special Appeals grants leave to appeal in such a case and transfers the case to its appeal docket, the matter takes the posture of a regular appeal, and we do have jurisdiction under § 12-201 of the Courts and Judicial Proceedings Article to review the Court of Special Appeals' decision on the appeal itself."

The issue was next raised in *Moss v. Director,* 279 Md. 561, 369 A.2d 1011 (1977). In that case, the Court of Special Appeals granted an application for leave to appeal in a proceeding under the former Defective Delinquent Act, Code (1957, 1976 Repl. Vol., 1976 Cum. Supp.), Art. 31B, and affirmed the trial court's decision. This Court granted a petition for a writ of certiorari and reversed the judgment of the Court of Special Appeals. Judge Orth of this Court, raising the jurisdictional issue, dissented on the ground that "the Court of Appeals does not have jurisdiction to review the judgment of the Court of Special Appeals." 279 Md. at 569. Judge Orth relied on the language change in the 1974 recodification *(id.* at 570), and he believed that the *Jourdan* case was wrongly decided *(id.* at 571). In the face of this dissent, however, the Court, in accordance with *Jourdan,* assumed jurisdiction.

Subsequent to the *Jourdan* and *Moss* decisions, this Court has often exercised jurisdiction over cases in which the Court of Special Appeals had previously acted upon an application for leave to appeal. *See, e.g., Ward v. State,* 290 Md. 76, 79-80, 427 A.2d 1008 (1981); *Davis v. State,* 285 Md. 19, 22, 400 A.2d 406 (1979); *State v. Ward,* 284 Md. 189, 193 n. 6, 396 A.2d 1041 (1978); *Curtis v. State,* 284 Md. 132, 137, 395 A.2d 464 (1978). *See also Wilson v. State,* 284 Md. 664, 666-668, 399 A.2d 256 (1979), *cert. denied,* 466 U.S. 921, 100 S.Ct. 1858, 64 L.Ed.2d 275 (1980) (a belated criminal appeal originating with a proceeding under the Post Conviction Procedure Act).

The Legislature has re-enacted with amendments

§ 12-202 of the Courts and Judicial Proceedings Article on two occasions since the *Jourdan* case was decided in July 1975. *See* Ch. 678, § 4, of the Acts of 1977 and Ch. 311, § 3, of the Acts of 1977. It has also amended the Post Conviction Procedure Act twice since 1975. *See* Ch. 678, § 1, of the Acts of 1977 and Ch. 472, § 6, of the Acts of 1976. On none of these occasions did the Legislature change the interpretation of those statutes set forth by this Court in *Jourdan.*

The General Assembly is presumed to be aware of this Court's interpretation of its enactments and, if such interpretation is not legislatively overturned, to have acquiesced in that interpretation. *Harden v. Mass Transit Adm.,* 277 Md. 399, 406, 354 A.2d 817 (1976). This presumption is particularly strong whenever, after statutory language has been interpreted by this Court, the Legislature re-enacts the statute without changing in substance the language at issue. *Harbor Island Marina v. Calvert Co.,* 286 Md. 303, 322-323, 407 A.2d 738 (1979); *Director v. Cash,* 269 Md. 331, 345, 305 A.2d 833 (1973) *cert. denied sub nom. Vucci v. Boslow, Institution Director,* 414 U.S. 1136, 94 S.Ct. 881, 38 L.Ed.2d 762 (1974); *Macke Co. v. St. Dep't of Assess. & T.,* 264 Md. 121, 132-133, 285 A.2d 593 (1972); *Stack v. Marney,* 252 Md. 43, 49, 248 A.2d 880 (1969). Under these circumstances, it is particularly inappropriate to depart from the principle of stare decisis and overrule our prior interpretation of the statute. *White v. Prince George's Co.,* 282 Md. 641, 657-658, 387 A.2d 260 (1978). *See also Flood v. Kuhn,* 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972).

Consequently, we reaffirm the holdings in *Jourdan* and *Moss* that the limitation upon this Court's jurisdiction set forth in § 12-202 of the Courts and Judicial Proceedings Article relates only to the action of the Court of Special Appeals in granting or denying an application for leave to appeal. Except for the nonreviewability of that specific action, we have jurisdiction over the type of cases listed in § 12-202 to the extent that such jurisdiction is conferred by § 12-201 or other statutory provisions. Therefore, in the present case, although we may not review the Court of Spe-

cial Appeals' exercise of discretion in granting the State's application for leave to appeal, we are authorized to review that court's decision on the merits remanding the case to the trial court.[3]

## II

As we have often pointed out, a criminal defendant's right to be present at every stage of his trial is a common law right, is to some extent protected by the Fourteenth Amendment to the United States Constitution, and is guaranteed by Maryland Rule 724. *Porter v. State,* 289 Md. 349, 352, 424 A.2d 371 (1981); *Hughes v. State,* 288 Md. 216, 221, 421 A.2d 69 (1980); *Bunch v. State, supra,* 281 Md. at 683-684, and cases there cited. Rule 724 states:

"a. *When Presence Required.*

The defendant shall be present at every stage of the trial, including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as provided by these Rules.

b. *When Presence Not Required.*

A defendant need not be present:

1. At a conference or argument on a question of law;

2. When a *nolle prosequi* or stet is entered pursuant to Rule 782 *(Nolle Prosequi* and Stet).

3. At a reduction of sentence pursuant to Rule 773 (Sentence — Review) or Rule 774 (Sentence — Revisory Power of Court);

---

**3.** There is one fact distinguishing this case from *Jourdan* and *Moss.* In those cases, after granting the applications for leave to appeal, the Court of Special Appeals transferred the cases to its appeal docket and thereafter rendered decisions on the merits. In the present case, the Court of Special Appeals did not transfer the case to its appeal docket. However, this difference in the internal administrative practice of the Court of Special Appeals does not affect our jurisdiction under § 12-201 of the Courts and Judicial Proceedings Article to review the decision of the Court of Special Appeals after that court has granted the application for leave to appeal.

4. At any stage of the proceedings if the defendant is a corporation.

c. *When Presence Waived.*

A defendant initially at trial waives his right to be present when:

1. He voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his right to remain during trial; or

2. He engages in conduct to justify his being excluded from the courtroom."

In light of the language in the first paragraph of the Rule, specifically including the impaneling of the jury as a stage of the trial, we have held that a bench conference involving communications between the court and jurors or prospective jurors, relating to juror impartiality or disqualification, is a stage of the trial at which the defendant has a right to be personally present. *Porter v. State, supra,* 289 Md. at 358; *Bunch v. State, supra,* 281 Md. at 686-688. Consequently, the trial court in the present case correctly held that Williams had been denied his right to be present under Rule 724 when he was absent from the bench conference at which the prospective jurors were interviewed for impartiality.

The right to be present, like most rights, is subject to waiver. Furthermore, we agree with the observation of the Court of Special Appeals in *Noble v. State, supra,* 46 Md.App. at 159, that the two circumstances set forth in subsection c of Rule 724 are not the only circumstances under which a criminal defendant's right to be present can be waived.

The Court of Special Appeals took the position that Williams's right to be present may have been waived by "inaction," and it remanded this case on the authority of its opinion in *Noble v. State, supra. Noble* also involved a petition under the Post Conviction Procedure Act challenging a criminal conviction on the ground that the defendant was not present at a bench conference involving voir dire examination. The post conviction trial judge in *Noble* found that

one prospective juror was examined for impartiality at a bench conference attended by the defendant's counsel but not by the defendant. Although finding that Rule 724 had been violated, the post conviction trial judge in *Noble* held that the error was harmless because the prospective juror's possible prejudice was against the defendant and the judge at the original trial had excused the prospective juror. The Court of Special Appeals granted the application and remanded the case for further proceedings.

Initially, in its *Noble* opinion, the Court of Special Appeals disagreed with the post conviction trial judge's holding regarding harmless error. 46 Md.App. at 156-157. Turning to the issue of waiver, the Court of Special Appeals first observed that the failure to raise the question of the defendant's right to be present on direct appeal from his conviction would not itself constitute waiver. *Id.* at 159. The intermediate appellate court then stated that a waiver may have occurred at the original trial itself. *Ibid.* The Court of Special Appeals quoted (*id.* at 160-161) from this Court's opinion in *Curtis v. State, supra,* 284 Md. at 145-147, to the effect that the concept of waiver set forth in cases like *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), as an intelligent and knowing relinquishment of a right, has no application in a variety of situations, that a criminal defendant represented by counsel may be prevented from later raising an issue because of the tactical decisions of counsel, and that failure to comply with many legitimate procedural requirements may preclude the assertion of important rights. The Court of Special Appeals concluded its opinion in *Noble* as follows (46 Md.App. at 161-162):

> "We think the accused's right to be present at the bench conference set out above is one of those rights which can be waived by inaction and not one that requires an affirmative act based on an intelligent and knowing understanding of his rights.
>
> "Nor do we consider that a trial counsel who in the heat of a trial overlooked the right of his client

to be present at a short bench conference is to be considered incompetent, as applicant claims."

The waiver holding of the Court of Special Appeals in this case and in *Noble* cannot be reconciled with existing Maryland law. More than sixty years ago the Court, in reversing a criminal conviction, pointed out that the record failed to show that the right to be present at trial was "expressly waived by the accused himself," *Dutton v. State,* 123 Md. 373, 389, 91 A. 417 (1914). The Court went on to hold that the consent of his attorney "could not bind the appellant." *Ibid.* Later, in *Duffy v. State,* 151 Md. 456, 472-477, 135 A. 189 (1926), this Court reversed a criminal conviction because a jury instruction was given out of the defendant's presence, even though defendant's counsel was present and, apparently, did not object. Again, in *Midgett v. State,* 216 Md. 26, 139 A.2d 209 (1958), a conviction was reversed because the court answered two notes from the jury out of the defendant's presence, although when the second note was answered the defendant's counsel was present and made no objection. The Court there held that "the right to be present is personal to the accused and cannot be waived by his counsel." 216 Md. at 37. Other cases reiterating that only the defendant personally can waive the right, and that it cannot be waived by counsel, include *Porter v. State, supra,* 289 Md. at 353; *Brown v. State,* 272 Md. 450, 457, 325 A.2d 557 (1974); *Journigan v. State,* 223 Md. 405, 408, 164 A.2d 896 (1960), *cert. denied sub nom. Gardner v. Maryland,* 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 817 (1961).

The view of the Court of Special Appeals appears to be that the defendant's silence, when he is absent from a bench conference out of his hearing, coupled with his counsel's acquiescence or inaction regarding the defendant's absence, may constitute a waiver of the right to be present. This position is completely at odds with the above cases holding that counsel cannot waive the defendant's right to be present, that waiver of the right must be by the defendant personally, and that it must be done "expressly."

Moreover, the holding of the Court of Special Appeals in this case and in *Noble* is directly contrary to our decision in *Bunch v. State, supra*. With respect to the relevant facts, *Bunch* is indistinguishable from this case and *Noble*. In *Bunch*, 281 Md. at 681-683, there were communications between a juror and the court regarding the juror's possible prejudice against the defendant, and discussions between the court and counsel relating to the question. All of this was at a bench conference, out of the hearing of the defendant who remained at counsel table. The defense counsel at the bench conference did not object to the defendant's absence and expressly agreed with the trial judge's determination not to disqualify the juror. The defendant himself did not voice any objection; like Williams and Noble, he silently remained at the trial table. The Court of Special Appeals upheld Bunch's convictions on the theory that the defense counsel's decision was "an act of trial tactics during a bench conference," *id.* at 683. This Court, however, specifically addressing the waiver issue, concluded (*id.* at 688):

> "Since the defendant Bunch had a right under the Maryland Rules to be personally present during the proceedings concerning the possible disqualification of the juror for bias, and since this right cannot be waived by counsel, the convictions must be reversed."

Nothing in *Curtis v. State, supra*, 284 Md. at 141-150, relied on by the Court of Special Appeals, effected a change in the requirements for waiver of the right to be present at every stage of the trial. *Curtis* held that the definition of waiver in the Post Conviction Procedure Act, Code (1957, 1976 Repl. Vol.), Art. 27, § 645A (c), as an intelligent and knowing failure by the defendant himself to raise an issue, was only applicable to those rights which, under cases like *Johnson v. Zerbst, supra, Fay v. Noia*, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and similar holdings, could only be waived if there was a voluntary, knowing and intelligent relinquishment of the right by the defendant himself. We held that the waiver of other rights, which ordinarily do

not require such knowing and voluntary action for a waiver to be effective, was not governed by the definition of waiver in the Post Conviction Procedure Act. We summarized our holding in *Curtis* as follows (284 Md. at 149-150):

"Consequently, we believe that the Legislature, when it spoke of 'waiver' in subsection (c) of Art. 27, § 645A, was using the term in a narrow sense. It intended that subsection (c), with its 'intelligent and knowing' standard, be applicable only in those circumstances where the waiver concept of *Johnson v. Zerbst* and *Fay v. Noia* was applicable. Other situations are beyond the scope of subsection (c), to be governed by case law or any pertinent statutes or rules."

Although the Court observed in *Curtis* that the waiver standard of *Johnson v. Zerbst* had no application to a variety of rights, and that a defendant was in most situations bound by the tactical decisions, actions or inactions of his attorney (*id.* at 145-150), the *Curtis* opinion itself set forth no new standards or requirements for the waiver of any particular rights. Instead, as the above quotation from *Curtis* shows, where the waiver concept of *Johnson v. Zerbst* is not required, and thus where § 645A (c) of the Post Conviction Procedure Act is inapplicable, the standards for waiver for particular rights are "to be governed by case law or any pertinent statutes or rules."

The Maryland case law has not required, for a waiver of the right to be present to be effective in all circumstances, that the waiver be "intelligent and knowing." Nevertheless, our cases have required that the waiver be done by the defendant himself and be done expressly. Because the Court of Special Appeals' decision in this case is inconsistent with present Maryland law, that decision must be reversed. The post conviction trial court was correct in granting Williams a new trial.

III

Despite our disagreement with the final decision of the Court of Special Appeals, we fully concur in that court's view that a criminal defendant, under circumstances like those here or in *Noble,* ought to be bound by the action or inaction of his counsel.

We have pointed out that the common law is not static and is subject to modification in light of changing conditions or increased knowledge. *Lewis v. State,* 285 Md. 705, 715, 404 A.2d 1073 (1979). The common law may be changed by this Court as well as by the Legislature. *Lewis v. State, supra; Pope v. State,* 284 Md. 309, 341, 396 A.2d 1054 (1979). *See Felder v. Butler,* 292 Md. 174, 182, 438 A.2d 494 (1981), and cases there cited. Moreover, "[t]he doctrine of *stare decisis,* important as it is, is not to be construed as preventing us from changing a rule of law if we are convinced that the rule has become unsound in the circumstances of modern life." *White v. King,* 244 Md. 348, 354, 223 A.2d 763 (1966). On the other hand, particularly in criminal cases, changes in the common law ordinarily should have only prospective effect when considerations of fairness are present. *Lewis v. State, supra,* 285 Md. at 713. *See also Deems v. Western Maryland Ry.,* 247 Md. 95, 115-116, 231 A.2d 514 (1967). In our judgment, the Maryland common law principle, that the right to be present at every stage of the trial can never be waived by counsel's action or inaction, should now be modified in light of present conditions.

While the role of counsel in criminal cases has been generally the same over the past two hundred years, nevertheless there have been some significant changes. When many of our earlier cases involving waiver of the right to be present were decided, there was no right to counsel, including state-furnished counsel to indigents, in many criminal cases presenting the possibility of incarceration. Now, however, we do recognize such right under the Sixth Amendment and under Art. 21 of the Maryland Declaration of Rights, implemented by the Public Defender Act,

Maryland Code (1957, 1976 Repl. Vol.), Art. 27A, §§ 1-14, and by Maryland Rule 723. *See, Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Snead v. State,* 286 Md. 122, 406 A.2d 98 (1979); *State v. Bryan,* 284 Md. 152, 395 A.2d 475 (1978); *Thompson v. State,* 284 Md. 113, 394 A.2d 1190 (1978); *State v. Renshaw,* 276 Md. 259, 347 A.2d 219 (1975).

Today, with the complexity of many criminal trials and the absolute right of counsel if there is a danger of incarceration, our system proceeds upon the assumption that it is primarily counsel's function to assert or waive most "rights" of the defendant. Unless a defendant speaks out, normally he must be bound by the trial decisions, actions and inactions of counsel. Otherwise, the system simply would not work. *Estelle v. Williams,* 425 U.S. 501, 512, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Curtis v. State, supra,* 284 Md. at 145-149.

The right of the defendant to be present at bench conferences involving examination of jurors or prospective jurors, or during communications on a point of law between the court and jury, or during certain other stages of the trial, is no more "fundamental" than many other "rights" which can be waived by counsel's action or inaction. We know of no reason why this right should be set apart from other matters which are left to counsel. This conclusion is in accordance with the decisions of many other courts. Thus, in a case involving a bench conference concerning jury selection, which was not attended by the defendant, the District of Columbia Court of Appeals held that "such segments of a trial are ones in which counsel properly represents a defendant's interests notwithstanding a defendant's inability to hear the discussion." *Tatum v. United States,* 330 A.2d 522, 524 (D.C. Ct. of App. 1974). To the same effect, *see People v. Carroll,* 396 Mich. 408, 240 N.W.2d 722, 725 (1976); *State v. Nevels,* 192 Neb. 668, 223 N.W. 668, 669 (1974). *See also, e.g., State v. Blier,* 113 Ariz. 501, 557 P.2d 1058, 1060 (1976);

*People v. Harris,* 28 Cal.3d 935, 623 P.2d 240 (1981); *People v. Hudson,* 46 Ill.2d 177, 263 N.E.2d 473 (1970).

There is, however, one important limitation to the change announced today concerning waiver of the right to be present. Under some circumstances, a violation of the right to be present is also a violation of the confrontation clause of the Sixth Amendment and of Art. 21 of the Maryland Declaration of Rights. *See, Dutton v. State, supra,* 123 Md. at 386-390. Moreover, under some circumstances the absence of the defendant might implicate other constitutional rights. It is settled that ordinarily for a waiver of one's rights under the confrontation clause "to be effective, it must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.' " *Brookhart v. Janis,* 384 U.S. 1, 4, 86 S.Ct. 1245, 1247, 16 L.Ed.2d 314 (1966) (citing *Johnson v. Zerbst, supra,* 304 U.S. at 464). *See also Schneckloth v. Bustamonte,* 412 U.S. 218, 237, 93 S.Ct. 2041, 2053, 36 L.Ed.2d 854 (1973); *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

With respect to all criminal trials, or parts of trials, taking place after the issuance of our mandate in this case, an effective waiver of the defendant's right to be present at every stage of the trial will not always require a personal waiver by the defendant. Where the right of confrontation is not implicated, and where there is involved no other right requiring intelligent and knowing action by the defendant himself for an effective waiver, a defendant will ordinarily be bound by the action or inaction of his attorney.

We wish to emphasize, however, that this change relates solely to the requirements for an effective *waiver* of the right to be present at every stage of the trial. Nothing in this opinion is intended to change the scope of the right itself, as set forth in cases such as *Porter v. State, supra; Hughes v. State, supra; Bunch v. State, supra,* and earlier cases there cited. Thus, a criminal defendant continues to have the right to be present during voir dire examination, whether at a

bench conference or not. He is entitled to be present at a bench conference, after the beginning of the trial, concerning juror disqualification, such as took place in the *Bunch* case. He has a right to be present when certain other types of communications occur between the court and jury, such as involved in *Midgett v. State, supra,* or *Duffy v. State, supra.* Nevertheless, if the defendant himself does not affirmatively ask to be present at such occurrences or does not express an objection at the time, and if his attorney consents to his absence or says nothing regarding the matter, the right to be present will be deemed to have been waived.

Since this change in the Maryland law is entirely prospective, it will not apply to trials which have already taken place. Thus, the petitioner Williams is entitled to a new trial as ordered by the post conviction trial judge. In Williams's forthcoming trial, however, any issue involving waiver of the right to be present will be governed by the new principles here announced.

> *Judgment of the Court of Special Appeals reversed, and case remanded to that Court with directions to affirm the judgment of the Criminal Court of Baltimore.*
> *Costs to be paid by the Mayor and City Council of Baltimore.*
> *Mandate to issue forthwith.*

*Cole, J., concurring in part and dissenting in part:*

I agree that the right to be present at every stage of the proceeding is personal to the defendant and requires his express waiver. I disagree that there has been any change in circumstance since we last decided this principle in *Bunch v. State,* 281 Md. 680, 381 A.2d 1142 (1978) or reaffirmed it in *Porter v. State,* 289 Md. 349, 424 A.2d 371 (1981), to justify attenuating this principle.

Judge Davidson authorizes me to state that she concurs in the views expressed herein.