# JOHN H. COUSER *v.* STATE OF MARYLAND

[App. No. 21, September Term, 1981.]

*Decided July 8, 1982.*

Before GILBERT, C. J., and MORTON and BISHOP, JJ.

Submitted by applicant John H. Couser in proper person.

Submitted by *Stephen H. Sachs, Attorney General,* and *William A. Swisher, State's Attorney for Baltimore City,* for respondent.

GILBERT, C. J., delivered the opinion of the Court.

John H. Couser, the applicant, was convicted by a jury in the Criminal Court of Baltimore (Dorf, J.) of possession of heroin with intent to distribute. He was committed to the custody of the Division of Correction for a period of twenty years consecutive to a sentence he was then serving. We affirmed the Criminal Court in *Couser v. State,* 36 Md. App. 485, 374 A.2d 399 (1977), *aff'd,* 282 Md. 125, 383 A.2d 389 (1978), *cert. denied,* 439 U.S. 852 (1978).

On January 7, 1981, Couser filed a petition under the Uniform Post Conviction Procedure Act (Art. 27, § 645A — 645J). After a hearing, relief was denied, and this application for leave to appeal ensued.

The applicant advances two reasons why he thinks we should grant his application, namely:

1. He was denied the right to attend a bench conference where jury *voir dire* was discussed; and

2. the State, by failing to disclose a potential witness, "effectively denied him the right to an informed comparative rejection."

I.

The applicant asserts that he was not present at a bench conference during which the trial judge questioned an already impaneled juror so as to determine the juror's possible bias. The State, for reasons not explained in the

record, failed to make a pre-trial disclosure that a Miss Sinceray Jones would be called as a State witness. After the jury was impaneled, the State's Attorney realized he would call Miss Jones. He promptly informed the trial judge and defense counsel of his intention. As soon as the trial judge realized that Miss Jones would be called as a witness, he halted the trial proceedings and conducted further *voir dire* at the bench. One juror stated that he had had some previous contact with Miss Jones, but said that it would not influence his decision. Appellant's counsel declared that he had no objection to having that juror continue. No other juror had had any previous contact with Miss Jones. *Couser v. State,* 36 Md. App. at 497, 374 A.2d at 405.

The hearing judge held that an impromptu *voir dire* conference was a "stage of the trial" at which the applicant had the right to be present.

> "[A] defendant's presence is required at proceedings conducted for the purpose of determining a juror's post-impaneling disqualification." *Tisdale v. State,* 41 Md. App. 149, 156, 396 A.2d 289, 293-94 (1979).

Having determined that the bench conference was a "stage of the trial" which applicant had a right to attend, the hearing judge, relying upon this Court's opinion in *Noble v. State,* 46 Md. App. 154, 416 A.2d 757 (1980), then ruled that the applicant had waived his right to attend the conference by virtue of his "inaction."

Subsequent to the hearing judge's ruling in this case, the Court of Appeals issued a series of decisions that substantially altered the law with respect to the right of an accused to be present at various stages of trial. *Noble v. State,* 293 Md. 549, 446 A.2d 844 (1982); *Williams v. State,* 292 Md. 201, 438 A.2d 1301 (1981); and *State v. Magwood,* 290 Md. 615, 432 A.2d 446 (1981).

The Court of Appeals, in the *Noble, Williams,* and *Magwood* triology, has announced three questions that must be answered before a post conviction hearing judge may

properly grant relief because of the petitioner's absence from a "stage of the trial." The three questions are:

1. Did the defendant validly waive the right to be present?
2. Was the violation of the right harmless error?
3. Was the impropriety corrected?

If the answer to question no. 1 is in the affirmative, there is no need to answer 2 or 3, and relief must be denied. Should the answers to questions 1 and 3 be in the negative, but the answer to question 2 be in the affirmative, relief must be denied. Where the answers to questions 1 and 2 are in the negative, but the answer to question 3 is in the affirmative, relief must be denied.

It follows that in order for a petitioner to obtain post conviction relief when the basis of the action is absence from a "stage of the trial," answers to the three questions must indicate that there was no waiver, and that any error, absent a waiver or correction, was not harmless.

For the guidance of hearing judges, we expound upon waiver, harmless error, and correction of impropriety as they are applied to a "stage of the trial."

(1) *Waiver.*

The Court, in *Williams v. State, supra,* set forth the rule for determining waiver of the right to be present. Actually, the Court established two distinct rules, one applicable to trials completed before December 28, 1981,[1] and a different rule for trials in process or begun after December 28, 1981.[2] The rules are:

A. Trial completed before December 28, 1981:

"The Maryland case law has not required, for a waiver of the right to be present to be effective in all circumstances, that the waiver be

---

1. The date *Williams* was decided.
2. *Ibid.*

'intelligent and knowing.' Nevertheless, our cases have required that the waiver be done by the defendant himself and be done expressly." 292 Md. at 216, 438 A.2d at 1308.

B. Trial in process or begun after December 28, 1981:

"With respect to all criminal trials, or parts of trials, taking place after the issuance of our mandate in this case, an effective waiver of the defendant's right to be present at every stage of the trial will not always require a personal waiver by the defendant. Where the right of confrontation is not implicated, and where there is involved no other right requiring intelligent and knowing action by the defendant himself for an effective waiver, a defendant will ordinarily be bound by the action or inaction of his attorney.

\* \* \*

Nevertheless, if the defendant himself does not affirmatively ask to be present at such occurrences or does not express an objection at the time, and if his attorney consents to his absence or says nothing regarding the matter, the right to be present will be deemed to have been waived." 292 Md. at 219-20, 438 A.2d at 1310.

Because the trial of the applicant in the instant case was completed before December 28, 1981, he is not deemed to have waived his right to attend the bench conference unless he "expressly" by "himself" waived his right to be present. The hearing judge found as a fact that:

"Although the Petitioner was present in the courtroom when the bench conference took place, the record does not show whether or not he was

present at the bench conference during these discussions."

Therefore, the applicant cannot be said to have by "himself" "expressly" waived the right to be present at the bench conference. The test of *Williams, supra,* was not satiated.

(2) *Harmless Error.*

The *Noble* Court opined that the harmless error principle applies to violations of a criminal defendant's right to be present at stages of the trial. The Court held:

> "[T]he harmless error principle is fully applicable to a defendant's right to be present during a stage of the trial. Prejudice will not be conclusively presumed. If the record demonstrates beyond a reasonable doubt that the denial of the right could not have prejudiced the defendant, the error will not result in a reversal of his conviction." 293 Md. at 568-69, 446 A.2d at 854.

When possible disqualification of a juror potentially prejudicial to the defendant is involved and the juror examined is retained on the jury, "it would normally be difficult to conclude the violation of the defendant's right to be harmless." 293 Md. at 571, 446 A.2d at 855. On the other hand, if, under such circumstances the juror is excused, the error would ordinarily be harmless.

(3) *Correction.*

In *State v. Magwood, supra,* the Court decided that even in those situations in which a criminal defendant is absent from a "stage of the trial," he did not waive his right to attend, and the harmless error principle is inapplicable, the error of the absence, nevertheless, can be corrected.

All that need be done to correct the error is to explain to the defendant, on the record, the substance of what occurred at the proceeding he did not attend. Although the explanation in *Magwood* was supplied by the trial judge, there is no reason the explanation could not be given by defense counsel or by the Court's having the court reporter

read the transcript, if any, of the proceeding to the defendant.

We shall remand the instant case to the hearing court in order that it might determine the application of waiver, harmless error, or correction to the facts of this particular case. Patently, if the three questions that arise from *Noble, Williams,* and *Magwood* are answered adversely to the applicant, the petition for post conviction relief will be denied.

## II.

There remains one other issue to be decided. The applicant asserts that because the State failed to inform him of its intention to call Miss Jones he did not peremptorily challenge prospective jurors as he *might* have done had he known the State was going to call Miss Jones as a witness. This issue was considered in the applicant's direct appeal, *Couser v. State, supra,* and decided against him. He may not relitigate it in a post conviction proceeding. Art. 27, § 645A (b) and *Wells v. Warden,* 244 Md. 722, 224 A.2d 276 (1966).

> *Application for leave to appeal neither granted nor denied.*
> *Case remanded for further proceedings pursuant to this opinion.*