637 A.2d 1204

**Ronald GIBSON**

v.

**STATE of Maryland.**

**No. 92, Sept. Term, 1992.**

Court of Appeals of Maryland.

March 10, 1994.

Martha G. Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for appellant.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE,* CHASANOW, KARWACKI, ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals (retired), Specially Assigned.

McAULIFFE, Judge.

The defendant, Ronald Gibson, claims error and seeks a new trial because a judge other than the trial judge supervised the deliberations of the jury for a period of about one hour while the trial judge was absent. We find no merit in the claim, and affirm the judgment below.

I.

On 8 February 1992, a police officer, stationed in a concealed location in a known drug trafficking area in Baltimore City, observed the defendant purchase several vials of cocaine from an unidentified individual. The defendant was subsequently arrested and charged with possession of a controlled dangerous substance.

A jury trial commenced on 11 March 1992 in the Circuit Court for Baltimore City before Judge Mable E.H. Hubbard. Trial proceeded relatively quickly and the case was submitted to the jury shortly after 5:00 p.m. that day. At 6:25 p.m., Judge Hubbard received a note from the jury asking to see the police report of the defendant's arrest. After discussing the matter with counsel, Judge Hubbard denied the jury's request and the deliberations continued.

At 7:10 p.m., the jury returned to the courtroom. The record reflects that Judge Clifton Gordy, another judge of the Circuit Court for Baltimore City, had taken the bench in place of Judge Hubbard. It is not clear from the record whether counsel for either party had learned of Judge Hubbard's absence before Judge Gordy took the bench.

---

* McAuliffe, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Judge Gordy received two notes from the jury after he replaced Judge Hubbard. The notes were marked as Court's Exhibits 2 and 3, and read as follows:

Court's Exhibit # 2:

Judge Hubbard, We are unable to reach a unanimous decision.

S/Ophelia Hall, Foreperson

Court's Exhibit # 3:

Judge Hubbard, A juror has revealed a bias based on prior experience.

S/Ophelia Hall, Foreperson

Counsel and the defendant approached the bench after the jury reentered the courtroom and Judge Gordy stated:

THE COURT: I'll show this one, first; then I'll show this last little tidbit marked as Court's Exhibit No. 3.

My circumstance remains the same. I'm going to tell them they can continue their deliberations or they can come back tomorrow. Unless something untoward happens after that advisement, that's what is going to happen.

If they want to keep on, they can keep on. If they want to come back tomorrow, fine. This is of no moment [referring to Court's Exhibit No. 3]. They have to work it out.

Defense counsel responded: "Very well, Your Honor."

Judge Gordy next addressed the jury:

Members of the jury, good evening.

\*　　\*　　\*　　\*　　\*　　\*

I am not Judge Hubbard. My name is Judge Clifton Gordy. I am a presiding judge of the Circuit Court for Baltimore City. I am the judge in charge of the criminal courts.

Judge Hubbard has been called away on business. She discussed the circumstance[s] with me before she left. I am standing in her stead, which is allowed.

Judge Gordy questioned the jurors as to whether they wished to continue deliberating or be excused for the evening and

continue deliberations the following morning. The jury retired to consider these options, and the court asked counsel for the defense and the State:

Are there any modifications or exceptions from counsel as to the comments and instructions of the Court to the jury ...?

Both sides responded in the negative. The jurors elected to return the following morning, and Judge Gordy excused them for the evening. He instructed them that while separated they were not to discuss the case among themselves or with any other person, nor allow anyone to communicate with them concerning the case, nor attempt to gain any additional information about the case. After delivering the usual and customary instructions to the jury prior to their separation during deliberation, the following colloquy occurred:

THE COURT: ...

Any comments, questions, objections, exceptions to any of the instructions that the Court has given the jury or in reference to any other matter to this point in these proceedings from the State?

[PROSECUTOR]: None, Your Honor.

THE COURT: The defense?

[DEFENSE ATTORNEY]: None, Your Honor.

Judge Hubbard presided when court reconvened the following morning and the jury resumed its deliberations. Approximately one-and-one-half hours later, the jury returned a guilty verdict against the defendant, and Judge Hubbard imposed a sentence. The defendant appealed, and we issued a writ of certiorari on our own motion before the case was considered by the Court of Special Appeals, 328 Md. 397, 614 A.2d 599.

## II.

The defendant contends that the substitution of one judge for another always triggers the requirements of Maryland Rule 4–361(b), and that 1) the Rule did not permit substitution in this case because no compelling need was shown for the

absence of the trial judge and, 2) in any event the substitute judge neither familiarized himself with the record of the trial nor certified that he had done so. Rule 4-361(b) provides:

**(b) During Jury Trial in Circuit Court.**—If by reason of termination of office, absence, death, sickness, or other disability, the judge before whom a jury trial in circuit court has commenced is unable to proceed with the trial, any other judge authorized to act in that court upon certifying that he or she has become familiar with the record of the trial, may proceed with and finish the trial.

The State's first reply to the defendant's argument is that the defendant, by his failure to object to the substitution of judges or to any action taken by Judge Gordy, effectively waived the claim of error now being asserted. The defendant responds by contending that the right of the defendant to have the same judge preside throughout a jury trial is a fundamental constitutional right that can be waived only after an examination of the defendant by the court and a determination that the waiver is made knowingly and voluntarily. *Cf. State v. Hall,* 321 Md. 178, 582 A.2d 507 (1990); Maryland Rule 4-246.

We discussed the nature of the right of a party to have a single judge preside over his or her jury trial in *Hood v. State,* 334 Md. 52, 637 A.2d 1208 (1994), which was also filed today. We stated in *Hood* that the right granted by Rule 4-361, can be waived. What we said in *Williams v. State,* 292 Md. 201, 438 A.2d 1301 (1981), applies with equal force here:

Today, with the complexity of many criminal trials and the absolute right of counsel if there is a danger of incarceration, our system proceeds upon the assumption that it is primarily counsel's function to assert or waive most "rights" of the defendant. Unless a defendant speaks out, normally he must be bound by the trial decisions, actions and inactions of counsel. Otherwise, the system simply would not work.

*Id.* at 218, 438 A.2d 1301. To paraphrase additional language of *Williams,* the right of the defendant to have a single judge

preside at a jury trial is no more "fundamental" than many other "rights" which can be waived by counsel's action or inaction. We know of no reason why this right should be set apart from other matters which are left to counsel.

This conclusion is in accordance with a majority of courts that have considered the issue. *See, e.g., People v. Gonzalez,* 51 Cal.3d 1179, 275 Cal.Rptr. 729, 742, 800 P.2d 1159, 1172 (1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 117, 116 L.Ed.2d 85 (1991); *Halko v. State,* 54 Del. 180, 175 A.2d 42, 48 (1961); *Peterson v. State,* 203 Kan. 959, 457 P.2d 6, 11 (1969); *State v. McKinley,* 7 Ohio App.3d 255, 455 N.E.2d 503, 507, 7 OBR 335 (1982); *Bowman v. Alvis,* 88 Ohio App. 229, 96 N.E.2d 605, 607–08, 44 O.O. 389 (1950).

▮ The defendant and his attorney were present when Judge Gordy took the bench, in the absence of Judge Hubbard, to consider the notes sent by the jury. They were also present at a bench conference when the judge displayed the notes and told them what he proposed to tell the jury. Neither stated any objection to Judge Gordy's assumption of this role, nor to his proposed course of action. To the contrary, defense counsel said, "Very well, Your Honor." Again, after Judge Gordy had instructed the jurors to return to the jury deliberation room to determine whether they would prefer to continue deliberations or to separate for the evening, Judge Gordy asked whether there were "any modifications or exceptions from counsel as to the comments and instructions of the Court to the jury on behalf of the State," each counsel replied that there were none, and the defendant said nothing. After final instructions to the jury concerning their separation for the evening, Judge Gordy again asked whether there were any exceptions or objections to any of the instructions he had given, "or in reference to any other matter to this point in these proceedings...." Each counsel replied that there were none, and the defendant again remained silent. Under these circumstances, we hold that the defendant waived any right to thereafter object to the temporary substitution of judges, to any claimed violation of Rule 4–361,

and to any claimed error of action or inaction on the part of Judge Gordy.

## III.

We do not by this holding suggest that the defendant's claim of a violation of Rule 4–361(b) would have been found to have merit if not waived. The defendant's knowing failure to object to the substitution of trial judges is the equivalent of consent, and when consent to substitution is given there is no necessity to show that the absence of the trial judge was due to "termination of office, absence, death, sickness, or other disability." Accordingly, we do not reach his claim that the word "absence," when used in the context of the Rule, must be understood to mean absence for compelling reasons.

As the defendant points out, even when consent is given to the substitution of judges, the trial judge is required by the Rule to certify that "he or she has become familiar with the record of the trial." [1] Again, the failure of the defendant to object to the lack of certification required by the Rule effectively waived that claim of error, but we note in passing that even if not waived, the claim of error would not be upheld under the circumstances of this case. As we noted in *Hood, supra,* 334 Md. at 57, 637 A.2d 1208, Rule 4–361(b) is intended to operate when there is a true mid-trial substitution of judges with the contemplation of substantive decisions thereafter being made by the succeeding judge. Where, as here, the substitution is temporary and the function of the substitute judge is intended to be, and is, that of a caretaker performing only ministerial duties, this Rule is not implicated. A number of courts have reached this conclusion, or, finding rules similar to ours to have been violated in at least a technical sense, have held that there can be no prejudice to the defendant where the successor judge performs only ministerial acts. *See, e.g., United States v. LaSorsa,* 480 F.2d 522, 530–31 (2d Cir.), *cert.*

---

1. We discussed the acceptable methods for complying with the requirements of the Rule in *Hood v. State,* 334 Md. 52, 57–59, 637 A.2d 1208 (1994), which was also filed today.

*denied,* 414 U.S. 855, 94 S.Ct. 157, 38 L.Ed.2d 105 (1973); *King v. People,* 87 Colo. 11, 285 P. 157, 162 (1930); *Perry v. State,* 303 A.2d 658, 659–60 (Del.1973); *Eagan v. State,* 480 N.E.2d 946, 952 (Ind.1985); *State v. Kramer,* 809 S.W.2d 50, 53–54 (Mo.App.1991); *Medley v. State,* 639 S.W.2d 401, 404 (Mo.App.1982); *People v. Lewis,* 71 A.D.2d 7, 422 N.Y.S.2d 380, 382–83 (N.Y.1979).

The defendant's assignment of error is without merit, and the judgment below will be affirmed.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED WITH COSTS.