593 A.2d 670

**Timothy Scott SHERMAN**

**v.**

**STATE of Maryland**

**Petition Docket No. 129, Sept. Term, 1991.**

Court of Appeals of Maryland.

Aug. 5, 1991.

Stuart J. Robinson, Bel Air, Michael R. Bromwich, James G. Duncan, Mayer, Brown & Platt, Washington, D.C., for petitioner.

Diana A. Brooks, Bel Air, for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and BELL, JJ.

## ORDER

The Court has considered the petition for a writ of certiorari in which the petitioner seeks review of the denial by the Court of Special Appeals of his application for leave to appeal from the denial of post-conviction relief by the Circuit Court for Baltimore County.

 It is the long and well-established law that the Court has no certiorari jurisdiction to grant post-conviction relief when the Court of Special Appeals has simply denied an application for leave to appeal in a post-conviction proceeding. Md.Code (1989 Repl.Vol.), sec. 12–202 of the Courts and Judicial Proceedings Article; *Williams v. State,*

292 Md. 201, 438 A.2d 1301 (1981); *Moss v. Director*, 279 Md. 561, 369 A.2d 1011 (1977); *Jourdan v. State*, 275 Md. 495, 341 A.2d 388 (1975). The petition for certiorari is thus hereby denied for lack of jurisdiction.

 Counsel for the petitioner is charged with knowledge that the Court is without jurisdiction in this case, and it is incumbent upon counsel to so advise the petitioner.

 It is further incumbent upon counsel for the petitioner to fully reimburse the petitioner for the amount of any fee paid to counsel for the filing of this petition for a writ of certiorari, including the amount of this Court's filing fee, and to promptly advise the Court of compliance with this Order unless reasons to the contrary be shown by counsel not later than 22nd day of August, 1991.