690 A.2d 526

**STATE of Maryland**

v.

**Fernando HERNANDEZ.**

**No. 43, Sept. Term, 1996.**

Court of Appeals of Maryland.

March 13, 1997.

Diane E. Keller, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Petitioner.

Claudia A. Cortese, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI and RAKER, JJ., and MARVIN H. SMITH, Judge (retired), Specially Assigned.

MARVIN H. SMITH, Judge, Retired, Specially Assigned.

We shall here hold that denial by the Court of Special Appeals of leave to appeal from a guilty plea pursuant to Maryland Code (1974, 1996 Repl.Vol.), Courts and Judicial Proceedings Article § 12–202 enacted by Chapter 295 of the Acts of 1983 does not amount to final litigation of an alleged error within the meaning of Code (1957, 1996 Repl.Vol.) Art. 27, § 645A.[1] Hence, we shall affirm the judgment of the Court of Special Appeals in *Hernandez v. State*, 108 Md.App. 354, 672 A.2d 103 (1996).

Hernandez entered a guilty plea in the Circuit Court for Carroll County to one count of conspiracy and one count of possession of a controlled dangerous substance with intent to distribute. Subsequent to his conviction in that court pursuant to that guilty plea he filed an application with the Court of Special Appeals for leave to appeal, contending, among other things, that the guilty plea was not voluntarily made. This

---

1. We refer to the current volume. The language to which we refer has not been amended since this proceeding was heard in the Circuit Court for Carroll County.

application was summarily denied. He later filed an application for post conviction relief in the Circuit Court for Carroll County raising, among other issues, the voluntariness of that guilty plea.

Maryland Code (1957, 1996 Repl.Vol.) Art. 27, § 645A(a)(1) grants the right to one convicted of a crime to institute post conviction proceedings "provided the alleged error has not been previously and finally litigated." Then section 645A(b) states: "[A]n allegation of error shall be deemed to be finally litigated when an appellate court of the State has *rendered a decision on the merits thereof*, either upon direct appeal or upon any consideration of an application for leave to appeal filed pursuant to § 645–I of this subtitle...." (Emphasis added.) Section 645–I is not applicable here.[2]

As the Court of Special Appeals put it:

"Upon the prosecutor's urging, the [Circuit C]ourt [for Carroll County] ... held that the issue raised with respect to the voluntariness of the guilty plea had been finally litigated when [the Court of Special Appeals] denied [Hernandez's] application for leave to appeal from the judgment based on [the guilty] plea...."

*Hernandez*, 108 Md.App. at 358, 672 A.2d at 105.

Hernandez filed an application with the Court of Special Appeals for leave to appeal from the denial of post conviction relief. That court granted the application to consider two issues, one of which was:

Has an issue raised in a PCPA [Post Conviction Procedure Act] petition been "finally litigated" for purposes of Md. Code, art. 27, § 645A(b) when (i) it was raised in an

---

**2.** The State attempts to read something into the exception, but, as the Court of Special Appeals correctly pointed out, "Section 645–I is the section permitting a defendant or the State to file an application for leave to appeal from an order granting or denying relief in a PCPA proceeding. It has no application to this case." *Hernandez*, 108 Md.App. at 361, 672 A.2d at 107. The petition for leave to appeal in this case was from a conviction, not from a post conviction proceeding. Thus, the fact that § 645–I has no application is so obvious that it needs no discussion.

application for leave to appeal from a judgment based on a guilty plea, and (ii) the application was denied summarily without addressing the issue with particularity?

*Id.*

Chief Judge Wilner (now a member of this Court) said for the Court of Special Appeals:

The condition that an allegation of error not have been previously and finally litigated or waived was in the original enactment of PCPA in 1958, but that Act did not contain any language defining those concepts. *See* 1958 Md.Laws, ch. 44. Those provisions were added in 1965, by 1965 Md.Laws, ch. 442. At that time, persons convicted based on a guilty plea had the same right of direct appeal—then to the Court of Appeals—as persons convicted after a plea of not guilty. Accordingly, there was no reference in either subsection (b) or (c) to guilty pleas or convictions based thereon. New subsection (b) declared an allegation finally litigated "when the Court of Appeals has rendered a decision on the merits thereof, either upon direct appeal or upon any consideration of an application for leave to appeal filed pursuant to section 645–I . . . ."[2]

The law abrogating the right of direct appeal from convictions based on guilty pleas was passed in 1983. *See* 1983 Md.Laws, ch. 295. That, of course, left a gap in both sections (b) and (c) of § 645A. Part of that gap was closed in 1988, when the Legislature amended § 645A(c) to declare an allegation waived if it could have been raised "in an application for leave to appeal a conviction based on a guilty plea." 1988 Md.Laws, ch. 726. That provision was given force in *McElroy v. State,* 329 Md. 136, 617 A.2d 1068 (1993), where the Court held that an allegation of error raised in a PCPA petition would be held waived if the conviction arose from a guilty plea and the petitioner knowingly failed to file an application for leave to appeal from that conviction.

The 1988 law made no change in subsection (b), which therefore still requires, for an allegation to be regarded as

finally litigated, an appellate decision either "on the merits ... upon direct appeal" or upon consideration of an application for leave to appeal under § 645–I. Neither has occurred here.

... Appellant had no right to a direct appeal. He had only the right to seek appellate review through an application for leave to appeal, which he filed. Md.Rule 8–204(f) sets forth the possible dispositions of such an application. The Court may:

"(1) deny the application;

(2) grant the application and affirm the judgment of the lower court;

(3) grant the application and reverse the judgment of the lower court;

(4) grant the application and remand the judgment to the lower court with directions to that court; or

(5) grant the application and order further proceedings in the Court of Special Appeals in accordance with section (g) of this Rule."

2. The reference to the Court of Appeals was changed after this Court was created.

*Hernandez,* 108 Md.App. at 362–63, 672 A.2d at 107–08.

We granted the State's petition for the writ of certiorari in this case in order to address the important public issue of statutory construction here presented. The State framed the issue in its petition:

Has an issue raised in a post conviction petition been "finally litigated" for purposes of Article 27, Section 645A(b) where the issue was previously raised in an application for leave to appeal from a guilty plea and the application was denied summarily without addressing the issue with particularity?

The rules or bases for statutory construction have been stated and restated by this Court on numerous occasions. For example, in *State v. Bricker,* 321 Md. 86, 92–93, 581 A.2d 9, 12 (1990), Judge Chasanow said for the Court:

When interpreting a statute, the starting point is the wording of the relevant provisions. If "the language in question [is] so clearly consistent with apparent purpose (and not productive of any absurd result) ... further research [is] unnecessary." *Kaczorowski v. City of Baltimore,* 309 Md. 505, 515, 525 A.2d 628, 633 (1987). In the event that ambiguity clouds the precise application of the statute, the cardinal rule of statutory construction is to ascertain and effectuate legislative intent. *Taxiera v. Malkus,* 320 Md. 471, 480, 578 A.2d 761, 765 (1990); *Harford County v. University,* 318 Md. 525, 529, 569 A.2d 649, 651 (1990); *Jones v. State,* 311 Md. 398, 405, 535 A.2d 471, 474 (1988); *In re Ramont K.,* 305 Md. 482, 484, 505 A.2d 507, 508 (1986). To perform this task, legislative intent should be gleaned first from the phrasing of the statute itself, giving the words their "ordinary and popularly understood meaning, absent a manifest contrary legislative intention." *In re Arnold M.,* 298 Md. 515, 520, 471 A.2d 313, 315 (1984). See also *Jones,* 311 Md. at 405, 535 A.2d at 474. When engaging in the interpretive process, however, the purpose, aim or policy of the legislature cannot be disregarded. *Taxiera,* 320 Md. at 480, 578 A.2d at 765; *Harford County v. University,* 318 Md. at 529, 569 A.2d at 651; *Kaczorowski,* 309 Md. at 513, 525 A.2d at 632. Resultant conclusions are to be reasonable, logical and consistent with common sense. *Harford County v. University,* 318 Md. at 529–30, 569 A.2d at 651; *Potter v. Bethesda Fire Dept.,* 309 Md. 347, 353, 524 A.2d 61, 64 (1987). [Brackets in original.]

The State contends that consideration of an application for leave to appeal equates with rendering a decision on the merits of a contention. It would appear that the State would have us read into the statute—add, if you will—words adopting its position by virtue of the 1988 amendment to § 645A(c) to which Chief Judge Wilner alluded in the portion that we have quoted from the decision of the Court of Special Appeals. There are two things wrong with this contention. Firstly, just as we have observed that the General Assembly is presumed to be aware of our decisions, *State v. Pagano,* 341 Md. 129,

137, 669 A.2d 1339, 1342 (1996), and *Harris v. State*, 331 Md. 137, 152–53 n. 8, 626 A.2d 946, 953–54 n. 8 (1993), by way of example, we likewise have said that the General Assembly is presumed to be aware of its own enactments. *See, e.g., GEICO v. Insurance Comm'r*, 332 Md. 124, 132, 630 A.2d 713, 717 (1993); *Cicoria v. State*, 332 Md. 21, 43, 629 A.2d 742, 752 (1993); and *Bricker*, 321 Md. at 93, 581 A.2d at 12. The General Assembly thus is presumed to have known that it was not amending the statute we here have under consideration. Secondly, we said in *Holy Cross Hosp. v. Health Services*, 283 Md. 677, 685, 393 A.2d 181, 185 (1978):

> In *Harden v. Mass Transit Adm.*, 277 Md. 399, 406, 354 A.2d 817 (1976), citing *Patapsco Trailer v. Eastern Freight-ways*, 271 Md. 558, 563–64, 318 A.2d 817 (1974), and *Giant of Maryland v. State's Attorney*, 267 Md. 501, 512, 298 A.2d 427, *appeal dismissed*, 412 U.S. 915, 93 S.Ct. 2733, 37 L.Ed.2d 141 (1973), we stated, "A court may not insert or omit words to make a statute express an intention not evidenced in its original form." *See also Amalgamated Ins. v. Helms*, 239 Md. 529, 534, 212 A.2d 311 (1965), where Chief Judge Prescott said for the Court, "[C]onstruing a statute liberally and adding to it, by judicial fiat, a provision which the Legislature did not see fit to include are not one and the same thing."

The State suggests that the Court of Special Appeals' "decision in this case is inconsistent with this Court's opinion in *McElroy v. State*, 329 Md. 136[, 617 A.2d 1068] (1993)." In that case McElroy did not file an application for leave to appeal from the conviction and sentence on his guilty plea, unlike the situation in this case. Instead, he filed a petition for post conviction relief. In that petition he claimed that his guilty plea was involuntary because the trial court failed to comply with Maryland Rule 4–243, which governs plea agreements. A hearing on the petition was held, and relief was denied. McElroy then filed a timely application for leave to appeal that denial. The Court of Special Appeals granted that application and held that he had waived his right to post conviction review under § 645A(c). In an opinion by Judge

Karwacki this Court affirmed the judgment of the Court of Special Appeals, saying:

> McElroy waived his right to relief under the PCPA on his claim that his guilty plea was not knowingly and intelligently made by failing to raise that issue in an application for leave to appeal to the Court of Special Appeals. Furthermore, his failure to seek that appellate review was not excused by any special circumstances.

*Id.* at 149, 617 A.2d at 1075. There is no inconsistency. McElroy did *not* apply for leave to appeal to the Court of Special Appeals. Hernandez did.

The statute here is clear and unambiguous. Hernandez had the right to institute post conviction proceedings "provided the alleged error ha[d] not been previously and finally litigated." Md.Code (1957, 1996 Repl.Vol.) Art. 27, § 645A(a)(1). The term "finally litigated" is defined by statute as "when an appellate court of the State has rendered a decision on the merits thereof." Md.Code (1957, 1996 Repl.Vol.) Art. 27, § 645A(b). Hernandez's attempted appeal from his conviction was not argued before the Court of Special Appeals. No appellate court has ever addressed the issue of the voluntariness of Hernandez's guilty plea. As Chief Judge Wilner said for the Court of Special Appeals:

> Applications are denied for any of several reasons. Many are untimely; many are deficient because they do not "contain a concise statement of the reasons why the judgment should be reversed or modified" or "specify the errors allegedly committed by the lower court," as required by Rule 8–204(b)(2). Some are denied because, after examining the record, we find that the relevant facts are not as alleged by the applicant and do not support his allegations of error or entitle him to any relief.

*Hernandez*, 108 Md.App. at 364, 672 A.2d at 108. When the Court of Special Appeals here denied *leave* to appeal it did no more than say, "There shall be no appeal in this case." "[N]o decision on the merits" of Hernandez's claim that his was not

a voluntary guilty plea has ever been rendered by any appellate court of this State.   No more need be said.

**JUDGMENT AFFIRMED;   CARROLL   COUNTY   TO PAY THE COSTS.**