728 A.2d 1280

James W. GRAYSON

v.

STATE of Maryland.

Michael James Jackson

v.

State of Maryland.

Nos. 25 and 26, Sept. Term, 1997.

Court of Appeals of Maryland.

May 7, 1999.

· Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER and ROBERT L. KARWACKI (Retired, specially assigned), JJ.

ELDRIDGE, Judge.

We granted petitions for writs of certiorari in these two cases to decide issues relating to the Post Conviction Procedure Act, Maryland Code (1957, 1996 Repl.Vol., 1998 Supp.), Art. 27, § 645A. The questions raised in the petitions and briefs include the following: (1) whether this Court has jurisdiction to review the decisions of the Court of Special Appeals in these two cases; (2) whether petitioner Grayson's petition for post conviction relief should be reviewed under the provisions of the Post Conviction Procedure Act that were in effect before the 1995 amendments, Code (1957, 1987 Repl.Vol., 1995 Supp.), Art. 27, § 645A, as interpreted by this Court in *Mason v. State*, 309 Md. 215, 522 A.2d 1344 (1987); (3) whether the circuit court reopened a prior post conviction proceeding when reviewing petitioner Jackson's most recent petition for post conviction relief; and (4) whether the circuit court's decision regarding Jackson's petition can be reviewed by the Court of Special Appeals. We shall hold that this Court has jurisdiction, shall reverse the Court of Special Appeals in both cases, shall direct that Grayson's case be remanded to the circuit court, and shall direct that Jackson's case be further considered by the Court of Special Appeals.

## I.

The Maryland Post Conviction Procedure Act, "[a]s originally enacted in 1958 . . . did not place any limit on the number of post conviction petitions which a petitioner was entitled to file." *Mason v. State, supra*, 309 Md. at 217–218, 522 A.2d at 1345. Nevertheless, "by Chapter 647 of the Act of 1986, the General Assembly amended § 645A [the Post Conviction Procedure Act] by adding new Subsection (a)(2) which provided that '[a] person may not file more than two petitions, arising out of each trial, for relief under this Subtitle.' Section 2 of Chapter 647 provided 'That this Act shall take effect July 1,

1986.'" 309 Md. at 218, 522 A.2d at 1345. This Court in *Mason* held that the 1986 amendments to the Post Conviction Procedure Act, imposing the two petition limit, were not intended to be applied retroactively, and that, regardless of the number of petitions filed by a petitioner prior to the 1986 amendments, all petitioners had the right to file two petitions under the Act after July 1, 1986.

The General Assembly in 1995 once again addressed the number of petitions under the Post Conviction Procedure Act which could be filed to challenge a particular conviction. By Ch. 110 of the Acts of 1995, which was captioned "Death Penalty Reform" and which primarily amended statutory provisions relating to capital punishment, the General Assembly also amended subsection (a)(2) of the Post Conviction Procedure Act to provide as follows:

"(2)(I) A person may file only one petition, arising out of each trial, for relief under this subtitle.

"(II) The court may in its discretion reopen a postconviction proceeding that was previously concluded if the court determines that such action is in the interests of justice."

The first of the above-quoted paragraphs was subsequently codified as Art. 27, 645A(a)(2)(i) and the second as Art. 27, § 645A(a)(2)(iii). Sections 2, 3 and 5 of Ch. 110 of the Acts of 1995 stated as follows:

"SECTION 2. AND BE IT FURTHER ENACTED, That, subject to Section 3 below, the provisions of this Act shall apply to all criminal cases, regardless of whether the case arises out of an offense that is committed before or after the effective date of this Act or whether the trial or sentencing of the defendant occurs before or after the effective date of this Act.

"SECTION 3. AND BE IT FURTHER ENACTED, That the provisions of this Act that amend Article 27, § 645A of the Code do not apply to a case in which a second postconviction petition was filed prior to the effective date of this Act. In such a case, the court shall process the case in

due course as required under Article 27, § 645A prior to the effective date of this Act."

*    *    *

"SECTION 5.  AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 1995."

The effect of these provisions upon § 645A(a)(2) was that a petitioner, who had previously filed a petition relating to a particular trial, had until September 30, 1995, to file another petition under the statute relating to the same trial.  Ch. 110 of the Acts of 1995 was signed into law by the Governor on April 11, 1995.

Subsection (a)(2) of the Post Conviction Procedure Act was also amended by Ch. 258 of the Acts of 1995, which was signed into law by the Governor on May 9, 1995.  Section 1 of Ch. 258 provided as follows:

"SECTION 1.  BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

Article 27 – Crimes and Punishments 645A.

(a)(2)(I) A person may not file more than 2 petitions, arising out of each trial, for relief under this subtitle.

(II) Unless extraordinary cause is shown, in a case in which a sentence of death has not been imposed, a petition under this subtitle may not be filed later than 10 years from the imposition of sentence."

The above-quoted first paragraph of § 645A(a)(2) represented no change in the wording that had been enacted by Ch. 647 of the Acts of 1986.  The second paragraph was entirely new language, and is now codified as Art. 27, § 645A(a)(2)(ii).  Sections 2 and 3 of Ch. 258 of the Acts of 1995 stated as follows:

"SECTION 2.  AND BE IT FURTHER ENACTED, That this Act shall be construed prospectively to apply only to postconviction proceedings for sentences imposed on or after the effective date of this Act and may not be applied or interpreted to have any effect on or application to postcon-

viction petitions for sentences imposed before the effective date of this Act.

"SECTION 3. AND IT BE FURTHER ENACTED, That this Act shall take effect October 1, 1995."

## II.

The underlying facts in the two cases before us are as follows.

## A.

In 1965 James W. Grayson was found guilty by a Baltimore City jury of first degree murder, and the court sentenced him to life imprisonment on January 17, 1966. Grayson, represented by his court-appointed lawyer, took an appeal, and the Court of Special Appeals affirmed the judgment. *Grayson v. State*, 1 Md.App. 548, 232 A.2d 284 (1967). In 1968, the same attorney filed the first of Grayson's petitions for post conviction relief, raising the identical issues in the post conviction petition that had been raised on direct appeal. The court denied relief on the ground that the issues raised in the post conviction petition had been fully and finally litigated on direct appeal. An application for leave to appeal was denied by the Court of Special Appeals in an unreported opinion. Thereafter Grayson filed, pro se, a second petition for post conviction relief, asserting, *inter alia*, ineffective assistance of counsel. In 1969, the trial court denied relief, and the Court of Special Appeals again denied Grayson's application for leave to appeal.

Grayson's third petition for relief under the Post Conviction Procedure Act, also filed pro se, commenced the present litigation. According to the record, the petition was given to the prison officials to mail to the Circuit Court for Baltimore City on Thursday, September 28, 1995. The Circuit Court for Baltimore City marked the petition as filed on Monday, October 2, 1995. The circuit court declined to consider the merits of the petition and denied relief, stating that it was precluded from considering Grayson's petition because " 'a person may file only one petition, arising out of each trial, for relief under

[Art. 27, § 645A(a)(2)(i) ].' " Additionally, the circuit court stated that it was precluded from considering the petition because Art. 27, § 645A(a)(2)(ii), "states 'unless extraordinary cause is shown, in a case in which a sentence of death has not been imposed, a petition under this subtitle may not be filed later than 10 years from the imposition of sentence.' " The court stated that "Petitioner was sentenced thirty (30) years ago . . . [and] this Court finds that 'extraordinary cause' is not shown in Petitioner's allegations."

Grayson applied for leave to appeal to the Court of Special Appeals. The intermediate appellate court, in an unreported opinion, stated:

"James Walker Grayson has filed an application for leave to appeal from a denial of post conviction relief. The petition that initiated this case was filed after October 1, 1995, and is the third post conviction petition the applicant has filed seeking review of this case. Because the law, Art. 27, § 645A(a)(2)(i), allows only one petition to be filed per case, we must dismiss the instant application.

"Application For Leave To Appeal Denied. Any costs to be paid by applicant."

Grayson filed in this Court, pro se, a petition for a writ of certiorari, asserting that the circuit court erroneously applied Ch. 110 of the Acts of 1995 retroactively, that, in any event, his petition should be treated as filed when he delivered it to the state prison officials on September 28, 1995, that under the Maryland Rules his petition should be treated as filed before the October 1 statutory deadline, and that the circuit court erred in applying Ch. 258 of the Acts of 1995 retroactively. We granted the petition, *Grayson v. State*, 345 Md. 459, 693 A.2d 356 (1997), and requested the Office of the Public Defender to represent Grayson in this Court.

### B.

On January 30, 1991, Michael James Jackson was convicted in the Circuit Court for Anne Arundel County of first degree sex offense, burglary, and assault with intent to rape. Jack-

son was sentenced to life imprisonment plus two fifteen year terms to run consecutive to the life sentence but concurrent to each other. The Court of Special Appeals affirmed the judgments, *Jackson v. State*, 92 Md.App. 304, 608 A.2d 782 (1992), and this Court denied a petition for a writ of certiorari. *Jackson v. State*, 328 Md. 238, 614 A.2d 84 (1992).

Jackson filed, pro se, a petition under the Post Conviction Procedure Act on July 19, 1993. Relief was denied by the circuit court on September 14, 1994. The Court of Special Appeals, in an unreported opinion, granted Jackson's application for leave to appeal and remanded the case for further proceedings. We denied a petition for a writ of certiorari. *Jackson v. State*, 339 Md. 354, 663 A.2d 72 (1995). On December 5, 1995, upon remand, the circuit court once again denied relief. The Court of Special Appeals denied Jackson's application for leave to appeal, and we denied a petition for a writ of certiorari. *Jackson v. State*, 342 Md. 473, 677 A.2d 566 (1996).

Jackson initiated the present case on June 20, 1996, by filing in the Circuit Court for Anne Arundel County another petition under the Post Conviction Procedure Act. Jackson argued, *inter alia*, that the circuit court should revisit some of the issues raised in his first petition for post conviction relief in light of a then recently filed opinion by this Court, *Armstead v. State*, 342 Md. 38, 673 A.2d 221 (1996). The circuit court, in a memorandum opinion, considered on their merits Jackson's various challenges to his 1991 convictions, rejected Jackson's arguments on their merits, and denied relief. Jackson filed an application for leave to appeal, and the Court of Special Appeals, in an unreported opinion, stated:

"Michael James Jackson has filed an application for leave to appeal from a denial of post conviction relief. The petition that initiated this case was filed after October 1, 1995, and is the second post conviction petition the applicant has filed seeking review of this case. Because the law, Art. 27, § 645A(a)(2)(i), allows only one petition to be filed per case, we must dismiss the instant application.

"Application For Leave To Appeal Denied. Any costs to be paid by applicant."

Jackson filed in this Court, pro se, a petition for a writ of certiorari, raising the issues of whether "Art. 27, § 645[A](a)(2), as amended [in] 1995, bar[s] a person sentenced prior to October 1, 1995, from filing a second petition for post conviction relief," whether, when "a post conviction court accepts a second petition and issues an opinion" on the merits, " § 645[A](a)(2)(i) bar[s] that person from appellate review," and whether the Court of Special Appeals erred in dismissing Jackson's application for leave to appeal. This Court granted Jackson's certiorari petition, *Jackson v. State,* 345 Md. 459, 693 A.2d 356 (1997), and requested that the Office of the Public Defender represent Jackson in this Court.

### C.

With regard to the first issue raised in Grayson's and Jackson's certiorari petitions, the Public Defender's Office, in its briefs on behalf of Grayson and Jackson, appears to concede that the "one petition" limitation under Ch. 110 of the Acts of 1995 is viable and applies retroactively to bar the filing, after September 30, 1995, of a new petition under the Post Conviction Procedure Act challenging a trial if the petitioner had earlier filed one or more petitions under the Act challenging the same trial. We shall accept, for purposes of these cases, this concession.

The Public Defender's Office nevertheless argues that if Grayson's petition was untimely,[1] the circuit court should have treated it as a reopening, under Art. 27, § 645A(a)(2)(iii), of his earlier petitions because "Mr. Grayson never had a meaningful opportunity to challenge the effective assistance of trial or appellate counsel in 1969 when he had his post-conviction

---

1.  While the Public Defender's Office makes no argument that Grayson's petition was timely, it does not expressly abandon the arguments made in Grayson's pro se certiorari petition that his petition was timely filed. In a case decided by the Court of Special Appeals, ordinarily the issues before this Court are those set forth in the certiorari petition, not the briefs. *See* Maryland Rule 8–131(b).

hearing." (Grayson's brief at 11). The Public Defender's Office points out that the circuit court clearly erred in applying the ten-year limitation in § 645A(a)(2)(ii) retroactively to Grayson.

The Office of the Public Defender further argues that, in Jackson's case, the circuit court in effect treated his petition as a reopening under § 645A(a)(2)(iii), and that the Court of Special Appeals should have exercised its discretion to grant or deny leave to appeal instead of dismissing the application under the "one petition" provision of Ch. 110 of the Acts of 1995.

The State, in addition to arguing that the Court of Special Appeals properly dismissed both applications for leave to appeal, suggests that this Court lacks jurisdiction to review the Court of Special Appeals' decisions in these cases. The State relies on Code (1974, 1998 Repl.Vol.), § 12–202 of the Courts and Judicial Proceedings Article, which provides in pertinent part as follows:

" § **12–202.  Exceptions.**

A review by way of certiorari may not be granted by the Court of Appeals in a case or proceeding in which the Court of Special Appeals has denied or granted:

(1) Leave to prosecute an appeal in a post conviction proceeding...."

### III.

We shall first address the State's suggestion that § 12–202(1) deprives this Court of jurisdiction to review the Court of Special Appeals' decisions in these cases.

The history and purpose of the limitation in § 12–202 upon this Court's certiorari jurisdiction was considered in detail by us in *Williams v. State,* 292 Md. 201, 205–211, 438 A.2d 1301, 1302–1305 (1981). We pointed out in *Williams,* 292 Md. at 206, 438 A.2d at 1303, that the language was taken from former Code (1957, 1973 Cum.Supp.), Art. 5, § 21A, which gave the Court of Appeals broad jurisdiction to review by

certiorari decisions of the Court of Special Appeals, with the only exception being that "no such [certiorari] petition shall be entertained by the Court of Appeals from *the denying or granting* by the Court of Special Appeals of an application for leave to prosecute an appeal in post conviction" proceedings. (Emphasis added). The Court stated in *Williams* that this exception to our certiorari jurisdiction related only to the Court of Special Appeals' discretionary ruling denying or granting an application for leave to appeal and did not relate to any other action by the Court of Special Appeals in such a case. We further pointed out in *Williams* that, when the wording of Art. 5, § 21A, was changed by § 12–202 of the Courts and Judicial Proceedings Article, no change in the nature of this Court's certiorari jurisdiction had been intended by the General Assembly. The *Williams* opinion noted that this Court had previously construed the language in § 12–202 to have the same meaning as former Art. 5, § 21A. *See Moss v. Director*, 279 Md. 561, 369 A.2d 1011 (1977); *Jourdan v. State*, 275 Md. 495, 506 n. 4, 341 A.2d 388, 394–395 n. 4 (1975). The Court in *Williams* thus concluded as follows (292 Md. at 210–211, 438 A.2d at 1305):

"Consequently, we reaffirm the holdings in *Jourdan* and *Moss* that the limitation upon this Court's jurisdiction set forth in § 12–202 of the Courts and Judicial Proceedings Article relates only to the action of the Court of Special Appeals in granting or denying an application for leave to appeal. Except for the nonreviewability of that specific action, we have jurisdiction over the type of cases listed in § 12–202 to the extent that such jurisdiction is conferred by § 12–201 or other statutory pro-visions. Therefore, in the present case, although we may not review the Court of Special Appeals' exercise of discretion in granting the State's application for leave to appeal, we are authorized to review that court's decision on the merits remanding the case to the trial court."

The holding in *Williams* has been re-affirmed by us on several occasions. *See, e.g., Cianos v. State*, 338 Md. 406, 407, 659 A.2d 291, 292 (1995); *McElroy v. State*, 329 Md. 136, 145,

617 A.2d 1068, 1073 (1993); *Sherman v. State,* 323 Md. 310, 311, 593 A.2d 670 (1991) (this "Court has no certiorari jurisdiction to grant post-conviction relief when the Court of Special Appeals has *simply* denied an application for leave to appeal in a post-conviction proceeding") (emphasis added). *See also State v. Hernandez,* 344 Md. 721, 728, 690 A.2d 526, 530 (1997) (distinguishing between the denial of leave to appeal which does "no more than say 'There shall be no appeal in this case,'" and a decision on the merits of an issue raised by the petitioner).

The Court of Special Appeals' decisions in the two cases at bar were not simply discretionary determinations that there should be no appeals. Rather, the Court of Special Appeals decided the merits of an issue raised by both Grayson and Jackson, namely whether the instant petitions were allowable under Art. 27, § 645A(a)(2). Despite the insertion of the sentences stating that the applications for leave to appeal were denied, the intermediate appellate court did not simply exercise its discretionary authority not to entertain appeals. Instead, the Court of Special Appeals in both cases held that the post-conviction petitions were not allowable as a matter of law. *Compare McElroy v. State, supra,* 329 Md. 136, 617 A.2d 1068, where the Court of Special Appeals held that post conviction relief was not allowable because the petitioners had waived their right to post conviction relief, and where this Court exercised certiorari jurisdiction and affirmed the decisions of the Court of Special Appeals.

Since the decisions of the Court of Special Appeals in these cases did not simply amount to discretionary denials of leave to appeal, the limitation upon this Court's certiorari jurisdiction in § 12–202 of the Courts and Judicial Proceedings Article does not apply. We have jurisdiction over these cases under § 12–201 of the Courts and Judicial Proceedings Article.[2]

---

2. Section 12–201 provides as follows:

"§ 12–201. **Certiorari to Court of Special Appeals.**

## IV.

██ As previously discussed, Ch. 110 of the Acts of 1995 placed a deadline of September 30, 1995, upon the filing of a petition under the Post Conviction Procedure Act challenging a criminal conviction if the petitioner had earlier filed one or more petitions under the Act relating to the same conviction. Under the wording of Ch. 110, if such a petitioner filed the petition on or before September 30, 1995, its allowability would be governed by § 645A(a)(2) as it was amended by Ch. 647 of the Acts of 1986, and as construed by this Court in *Mason v. State, supra,* 309 Md. 215, 522 A.2d 1344. Under Ch. 647 of the Acts of 1986 and our holding in the *Mason* case, a petition by Grayson filed on or before September 30, 1995, would have been allowable because his prior petitions were filed before 1986.

In September 1995 Grayson was an inmate of the Maryland Correctional Institution at Jessup, Maryland, which is not very far from Baltimore City. As mentioned earlier, the record indicates that Grayson on Thursday, September 28, 1995, delivered his post conviction petition to the appropriate state prison officials for mailing to the Circuit Court for Baltimore City. The record also shows that the circuit court officials stamped Grayson's petition as filed on Monday, October 2, 1995. The record does not show when the prison officials actually mailed the petition or when it actually arrived at the Baltimore City courthouse.

Under Maryland Rule 16–304, the hours when the circuit court's clerk's office would have been open were from 8:30 a.m. to 4:30 p.m., Monday through Friday. Consequently, the

---

Except as provided in § 12–202 of this subtitle, in any case or proceeding pending in or decided by the Court of Special Appeals upon appeal from a circuit court or an orphans' court . . . , any party, including the State, may file in the Court of Appeals a petition for certiorari to review the case or proceeding. The petition may be filed either before or after the Court of Special Appeals has rendered a decision, but not later than the time prescribed by the Maryland Rules. In a case or proceeding described in this section, the Court of Appeals also may issue the writ of certiorari on its own motion."

office presumably was not open on Saturday, September 30, 1995, which was the latest day for the filing of Grayson's petition.

Maryland Rule 1–203(a) provides that whenever a rule, order of court, or "any applicable statute" prescribes the latest day for the performance of an act, and if the last day

"(1) ... is a Saturday, Sunday, or holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or holiday; or

"(2) the act to be done is the filing of a paper in court and the office of the clerk of that court on the last day of the period is not open, or is closed for a part of the day, in which event the period runs until the end of the next day that is not a Saturday, Sunday, holiday, or a day on which the office is not open during its regular hours."

*See also* Code (1957, 1998 Repl.Vol.), Art. 1, § 36, which is largely to the same effect. Although the rule and the statute are most often applied to a statutorily prescribed time period, such as within a specified number of days after a certain event,[3] the Attorney General has expressed the view that "[w]e have no doubt that the courts would apply the same principle to a single specified day." 79 Opinions of the Attorney General 455 (1994). Furthermore, section 3 of Ch. 110 of the Acts of 1995 in effect created a time period expiring at the end of the day on September 30, 1995. Consequently, we conclude that Rule 1–203 and Art. 1, § 36, are applicable under the circumstances here.

Since, under Ch. 110 of the Acts of 1995, September 30, 1995, was the last day for Grayson to file the instant post conviction petition, and because September 30th fell on a Saturday, Rule 1–203 and Art. 1, § 36, gave Grayson until the following Monday to file his petition. The petition was filed on Monday, and, therefore, it was timely. Both the circuit court and the Court of Special Appeals erred in holding that

---

**3.** *See, e.g., Ungar v. Handelsman,* 325 Md. 135, 139 n. 1, 599 A.2d 1159, 1161 n. 1 (1992); *Dixon v. State,* 302 Md. 447, 450 n. 1, 488 A.2d 962, 963 n. 1 (1985).

Grayson's petition was not allowable under Ch. 110 of the Acts of 1995.

Moreover, the circuit court clearly erred in holding that Grayson's petition was barred by the 10–year provision enacted by Ch. 258 of the Acts of 1995. Under Section 2 of Ch. 258, the prohibition against filing a petition later than 10 years from the imposition of sentence, absent extraordinary cause, applied only to sentences imposed on and after October 1, 1995. Grayson's sentence was imposed in 1966.

In light of our holding that Grayson's petition was allowable under Section 3 of Ch. 110 of the Acts of 1995, and section 2 of Ch. 258 of the Acts of 1995, it is unnecessary for us to reach any of the other arguments advanced by Grayson or by the Office of the Public Defender on Grayson's behalf. We shall direct that Grayson's case be remanded to the circuit court for that court to consider the merits of his petition under the Post Conviction Procedure Act.

## V.

In Jackson's present petition for post conviction relief, he specifically requested, *inter alia,* that the circuit court reopen his earlier post conviction proceeding pursuant to Art. 27, § 645A(a)(2)(iii). Although the circuit court may not have employed the word "reopen" in its opinion, the court in detail discussed and ruled upon each one of Jackson's challenges to his 1991 convictions and sentences. In connection with Jackson's argument that his trial counsel had been ineffective, the circuit court also "weigh[ed] any cumulative effect" of the alleged deficiencies by Jackson's counsel at his original trial. In addition, the circuit court held that this court's opinion in *Armstead v. State, supra,* provided no basis for post conviction relief. The circuit court concluded that there had been no denial of Jackson's constitutional rights at his original trial and then, immediately thereafter, stated that, "accordingly," Jackson's petition was denied.

Nothing in the circuit court's opinion remotely suggested that the court was refusing to entertain Jackson's petition on

the merits. Instead, it is clear that the circuit court, in accordance with Jackson's express request, was reopening the prior post conviction proceeding.

Art. 27, § 645A(a)(2)(iii), specifically authorizes a circuit court to reopen a post conviction proceeding if the circuit court decides that such action is in the interests of justice. When the circuit court does reopen a post conviction proceeding, and then grants or denies post conviction relief, the losing party is entitled to file an application for leave to appeal to the Court of Special Appeals. In such a case, the Court of Special Appeals must exercise its discretion to determine whether or not to grant leave to appeal. In Jackson's case, the Court of Special Appeals did not exercise this discretion. Instead, the intermediate appellate court erroneously overlooked the decision of the circuit court reopening the matter and held that Jackson's petition was not allowable.

Therefore, we shall remand Jackson's case to the Court of Special Appeals for that court to exercise its discretion and simply deny or grant the application for leave to appeal. If the application is granted, the case shall proceed like any other appeal in the Court of Special Appeals. *Williams v. State, supra,* 292 Md. at 208–209, 438 A.2d at 1304–1305; *Jourdan v. State, supra,* 275 Md. at 506 n. 4, 341 A.2d at 394–395 n. 4.

*IN NO. 25, THE JUDGMENT OF THE COURT OF SPECIAL APPEALS IS REVERSED, AND THE CASE IS REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AND REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.*

*IN NO. 26, THE JUDGMENT OF THE COURT OF SPECIAL APPEALS IS REVERSED AND THE CASE IS REMANDED TO THAT COURT FOR FURTHER PRO-*

CEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT TO BE PAID BY THE RESPONDENT. COSTS IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT.