969 A.2d 300

**STATE of Maryland**

v.

**Marvin WILLIAMSON.**

**No. 75 Sept.Term, 2008.**

Court of Appeals of Maryland.

April 10, 2009.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore), on brief, for Petitioner.

Michael E. Lawlor (Lawlor & Englert, LLC, Greenbelt; Gary E. Proctor, Baltimore), on brief, for Respondent.

Argued Before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS, and BARBERA, JJ.

BATTAGLIA, Judge.

On June 25, 1968, Marvin Williamson was found guilty in the murder of Joseph Caslow in the Criminal Court of Baltimore. A Motion for a New Trial was denied, and Williamson was sentenced to imprisonment for "the balance of his natural life." The docket indicates that Williamson filed a post-conviction petition on November 29, 1977, which was withdrawn without prejudice.[1]

On July 31, 2007, nearly 40 years after sentencing, Williamson filed his Petition for Post–Conviction Relief in the Circuit Court for Baltimore City, asserting that because his trial counsel was ineffective for a number of reasons, his conviction

---

1. The docket entries also reflect that another post-conviction petition, bearing the same petition number as the 1977 petition, was filed on May 21, 1980. Williamson, however, argues that no second petition was filed and, further, that he "has not been in any courthouse since his conviction in 1968." A Memorandum Opinion and Order Denying Post Conviction Relief, dated November 5, 1980, and signed by Judge Mary Arabian, appears in the record; the Opinion notes that, "[a]n evidentiary hearing was held on August 19, 1980, and continued to October 15, 1980, the Petitioner being represented by [counsel]." The record also reflects that on December 12, 1980, the Court of Special Appeals denied Williamson's application for leave to appeal from the circuit court's denial of post conviction relief.

and sentence should be set aside, and he should be granted a new trial, as well as the ability to file an Application for Review of Sentence and a Motion for Modification of Sentence. The petition alleged that trial counsel was ineffective for "failing to investigate the case prior to trial and failing to uncover evidence that would have affected the outcome of the trial," as well as neglecting to file both an Application for Review of Sentence and a Motion for Modification or Reconsideration of Sentence and for failing to provide "effective assistance of counsel during the pretrial process, the trial, and in the failure to appeal." The petition further alleged that the trial court was in error for "reliev[ing] the jury of the obligation to find beyond a reasonable doubt every element of the charges against [Williamson]" and that trial counsel should have "challenge[d] the improper jury instruction." By letter, dated January 29, 2008, counsel for Williamson limited his allegations of ineffective assistance of counsel to "failing to file an Application for Review of Sentence by a three judge panel" and for "failing to file a Motion for Modification or Reconsideration of Sentence," which could be "converted into a Motion to Reopen," were the judge to determine that the two issues had been raised and decided in a prior post conviction case.

The State moved to dismiss the Petition, arguing that it failed to meet the content requirements of Maryland Rule 4–402(a),[2] and subsequently filed a Response in Opposition to

---

**2.** Maryland Rule 4–402(a) relates to post conviction petitions and states:
(a) **Content.** The petition shall state whether or not petitioner is able to pay costs of the proceeding or to employ counsel and shall include:
(1) The petitioner's name, place of confinement, and inmate identification number.
(2) The place and date of trial, the offense for which the petitioner was convicted, and the sentence imposed.
(3) The allegations of error upon which the petition is based.
(4) A concise statement of facts supporting the allegations of error.
(5) The relief sought.
(6) A statement of all previous proceedings, including appeals, motions for new trial and previous post conviction petitions, and the determinations made thereon.
(7) A statement of the facts or special circumstances which show that the allegations of error have not been waived.

Petition for Post–Conviction Relief, in which it argued that Williamson's claims were either previously litigated or waived and in which it also denied that Williamson's counsel was ineffective. The State further proffered that Williamson "waited 39 years to institute this claim," and that, because there were no trial transcripts, Williamson could "not demonstrate deficient performance of counsel and prejudice resulting therefrom." A supplement to the State's Response claimed that, because Williamson did not file within the 10–year filing period set forth in Section 7–103(b)(1) of the Criminal Procedure Article, Maryland Code (2001, 2007 Supp.), his Petition must be dismissed.[3]

The judge granted the State's Motion to Dismiss. In an accompanying Memorandum and Opinion, the judge concluded that, "[i]t is this Court's position that Petitioners who were sentenced prior to October 1, 1995 have ten years from the enactment of the limitations provisions of § 7–103(b)(1) to file Petitions for Post Conviction Relief."

 Williamson filed his Application for Leave to Appeal from the Denial of Post Conviction Relief in the Court of Special Appeals, which, in an unreported per curiam opinion, granted the application and remanded the case to the Circuit Court for further proceedings. The intermediate appellate court concluded that Williamson's petition was not barred by the 10–year rule, because "persons who were sentenced before October 1, 1995, have no time limit within which they must file their petitions." We granted certiorari, *State v. Williamson*, 405 Md. 506, 954 A.2d 467 (2008), to answer the following questions posed by the State:

---

**3.** Section 7–103(b)(1) of the Criminal Procedure Article, Maryland Code (2001, 2007 Supp.), states:

(b) *10–year filing period.*—(1) Unless extraordinary cause is shown, in a case in which a sentence of death has not been imposed, a petition under this subtitle may not be filed more than 10 years after the sentence was imposed.

Statutory references herein are to the Criminal Procedure Article, Maryland Code (2001, 2007 Supp.), unless otherwise noted.

1. Does [S]ection 7–103(b)(1) of the Criminal Procedure Article of the Maryland Annotated Code, which precludes the filing of a post-conviction petition "more than 10 years after the sentence was imposed," apply in this case where Williamson was sentenced in 1968 and the within petition was filed in 2007, almost 40 years after Williamson's conviction and 12 years after the effective date of the ten year limitation set forth [in] § 7–103(b)(1)?

2. Is Williamson's post conviction petition barred by laches? [4]

We shall answer "no" to the first question and shall affirm the mandate of the Court of Special Appeals.

### Discussion

The State asserts that the 10–year statute of limitations contained in Section 7–103(b)(1) of the Criminal Procedure Article bars Williamson's Petition for Post–Conviction Relief, arguing that to hold otherwise would create two classes of prisoners in Maryland: prisoners convicted prior to the October 1, 1995, enactment of the statute would be able to file post conviction petitions without any limitations period applying, while prisoners convicted after October 1, 1995, would be subject to the 10–year period of limitations. As a result, the State contends that prisoners sentenced prior to October 1, 1995, should be allowed to only file petitions for 10 years after the October 1, 1995, enactment. The State further suggests that, even were the 10–year limitation period in Section 7–103 not to apply to Williamson's petition, his claims would be barred by the doctrine of laches.

Williamson, conversely, argues that the plain language of Section 7–103(b)(1) is unambiguous and exempts from the 10–year limitation period those who were convicted before Octo-

---

4. We will not reach the issue of laches, because the issue was not raised nor considered before the circuit court and so, was not preserved. *See* Maryland Rule 8–131(a) ("Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court. . . .").

ber 1, 1995. Williamson also contends that the issue of laches was not raised or considered before the Circuit Court, so that the State's argument was not preserved, but that laches was clearly not permitted based upon the language of the post conviction statute before 1995.

In *Grayson v. State*, 354 Md. 1, 728 A.2d 1280 (1999), we had occasion to explore the 1995 changes to the Post Conviction Procedure Act and recognized that "the Post Conviction Procedure Act was also amended by Ch. 258 of the Acts of 1995," which added "entirely new language" in the second paragraph therein, imposing a 10–year limitations period for the filing of post conviction petitions in cases in which the death penalty was not imposed. *Id.* at 4, 5, 728 A.2d at 1281, 1282.[5] Chapter 258 of the Acts of 1995 provided:

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

Article 27—Crimes and Punishments

645A

(a)(2)(I) A person may not file more than 2 petitions, arising out of each trial, for relief under this subtitle.

(II) Unless extraordinary cause is shown, in a case in which a sentence of death has not been imposed, a petition under this subtitle may not be filed later than 10 years from the imposition of sentence.[6]

---

5. Immediately prior to the 1995 enactments, the Post Conviction Procedure Act stated that "[a] petition for relief under this subtitle may be filed at any time." Section 645A (e) of Article 27 of the Maryland Code (1957, 1992 Repl. Vol.).

6. In Chapter 10 of the Maryland Laws of 2001, the Legislature recodified various criminal procedure statutes, including them in a new Criminal Procedure Article of the Maryland Code. The recodification of former Section 645A (a)(2)(ii) of Article 27 of the Maryland Code (1957, 1992 Repl. Vol.), slightly altered the statutory provisions, so that, as recodified in Section 7–103, the language states:

(b) *10–year filing period.*—(1) Unless extraordinary cause is shown, in a case in which a sentence of death has not been imposed, a

SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall be construed prospectively to apply only to post conviction proceedings for sentences imposed on or after the effective date of this Act and may not be applied or interpreted to have any effect on or application to post conviction petitions for sentences imposed before the effective date of this Act.

SECTION 3. AND IT BE FURTHER ENACTED, That this Act shall take effect October 1, 1995.

Sections 1 and 2 are clear, unlike what the State asserts.[7] Section 1 provides a period of 10 years from the imposition of sentence within which to file a post conviction petition and Section 2 admonishes that prospective implementation is mandated—that the 10–year limitation "shall be construed prospectively," that it "apply only to post conviction proceedings for sentences imposed on or after the effective date of the Act" and that it "may not be applied or interpreted to have any effect on or application to post conviction petitions for sentences imposed before the effective date of the Act."

In *Grayson*, 354 Md. at 15, 728 A.2d at 1286, we also suggested this result:

> [T]he circuit court clearly erred in holding that Grayson's petition was barred by the 10–year provision enacted by Ch. 258 of the Acts of 1995. Under Section 2 of Ch. 258, the prohibition against filing a petition later than 10 years from the imposition of sentence, absent extraordinary cause, ap-

---

petition under this subtitle may not be filed more than 10 years after the sentence was imposed.

The Revisor's Note to this Section states that the new language was "without substantive change." *See* 2001 Md. Laws, Chap. 10. Moreover, the change in language is not significant to our analysis.

7. In doing so, the State relies on certain provisions of the Death Penalty Reform Act, "subsequent indicia of legislative intent" and the federal courts's analysis of the statute of limitations in the context of habeas corpus proceedings, none of which are persuasive nor change the mandate of Section 2 of Chapter 258 of the Maryland Laws of 1995, which states that the 10–year limitation "may not be applied or interpreted to have any effect on or application to post conviction petitions for sentences imposed before the effective date of the Act."

plied only to sentences imposed on and after October 1, 1995. Grayson's sentence was imposed in 1966.

The State, however, attempts to distinguish *Grayson* by arguing that the petition in that case was filed prior to October 1, 1995, the effective date of Section 7–103(b)(1), whereas, in the present case, Williamson's petition was not, but the Act makes no such distinction. Rather than emphasizing *when the petition is filed,* the language of Section 2 of Chapter 258 of the Maryland Laws of 1995 refers to the *imposition of sentence* for its implementation.

The State also asserts that this result, also reached by the Court of Special Appeals, is illogical, because it results in two classes of prisoners, those sentenced before October 1, 1995, to whom the 10–year limitations period would not apply and those sentenced after that date, to whom the limitations period would apply. We disagree with the State's characterization of such a result as illogical, because the bulk of legislation is generally applied only prospectively, thus creating two classes of individuals, those who may have acted before the statute went into effect, to whom the statute does not apply, and those who acted after, to whom the statute does apply.[8]

The Circuit Court, in the present case, although recognizing that the 10–year limitations period did not apply retrospectively, did impose a 10–year limitations period to bar Williamson's petition, because it was "th[e] Court's position that Petitioners who were sentenced prior to October 1, 1995, have ten years from the enactment of the limitations provisions of § 7–103(b)(1) to file Petitions for Post Conviction

---

8. In *State Ethics Commission v. Evans,* 382 Md. 370, 381, 855 A.2d 364, 370 (2004), we iterated four basic principles concerning the prospective-retrospective distinction:

(1) statutes are presumed to operate prospectively unless a contrary intent appears; (2) a statute governing procedure or remedy will be applied to cases pending in court when the statute becomes effective; (3) a statute will be given retroactive effect if that is the legislative intent; but (4) even if intended to apply retroactively, a statute will not be given that effect if it would impair vested rights, deny due process, or violate the prohibition against *ex post facto* laws.

Relief." As a result, Williamson's petition would have been barred after October 1, 2005, according to the circuit court judge. Chapter 258 of the Maryland Laws of 1995, however, speaks to the date of *sentence,* not to the date of its *enactment* and unambiguously states that the limitations period "is not to be interpreted to have *any effect*" on those sentenced before October 1, 1995. (Emphasis added). The limitations period, therefore, has absolutely no application to individuals sentenced before October 1, 1995; Williamson's petition was not subject to the 10–year limitations period.

To the extent that the State argues that a prior post conviction petition filed by Williamson, if one was filed, bars the present petition, that argument may be presented on remand, because that issue was not addressed by the Circuit Court. We would caution, however, that the language in *Grayson,* 354 Md. at 9, 728 A.2d at 1284, that refers to the one petition limitation included in the present post conviction statute as applying retrospectively, does not support the State's position, because the Court was referring only to a concession to that effect by the parties in those cases. The Court simply accepted the concession "for the purposes of these cases." *Id.* We note also that any retrospective analysis must include potential *ex post facto* consideration.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.**