McDONALD, J.,
concurring, in which BARBERA, C.J., and GREENE, J., join.
I reluctantly concur in the judgment.
Not all claimants have counsel. Perhaps in light of that, the Legislature has directed the Commission to “adopt reasonable and proper regulations to govern the procedures of the Commission, which shall be as simple and brief as reasonably possible.” Maryland Code, Labor & Employment Article (“LE”), § 9-701(a) (emphasis added). That is easier said than done, as this case illustrates.
The Commission has adopted an electronic filing system. In regulation it portrays that system as one of three alternative ways of filing forms and documents with the Commission. COMAR 14.09.01.04.[1] Only a very careful reading of the *309 Commission’s other regulations and website reveals that (1) a claimant in fact has no choice but must use the electronic filing system to submit a claim form and (2) that submission of a claim form on that system is not the filing of a claim. In other words, a claimant must submit the claim both electronically and in hard copy to “file” it before the expiration of the two-year period of limitations set forth in LE § 9 — 709(b)(3). In this case, Mr. Hranicka submitted the electronic copy in a timely manner, but the hard copy was received at the Commission one day late.[2]
It is also confusing that, while a regulation defines the date for a claim to be the “date stamp affixed on the claim form,”[3] the Commission actually “affixes” two different dates to the form — one placed in a special box on the bottom of the form as part of the electronic filing process, and a second date, apparently placed on the hard copy when it is physically received at the Commission. The electronically-affixed date apparently is not the “filing date,” although it is the date that the Commission’s website insists must appear on the filed copy.[4]
*310 This leads me to second the sentiment expressed by Judge Kehoe in his concurring opinion in the unreported decision of Court of Special Appeals in this case:
In today’s world, and identifying just a few of the myriad of transactions that routinely take place over the Internet, millions of individuals purchase health and motor vehicle insurance, make banking transactions, buy goods and services, apply to colleges, and file tax returns by doing essentially what Mr. Hranicka did in this case — filling out a form on an Internet webpage and then clicking a “submit” or “send” icon. I am not at all surprised that Mr. Hranicka failed to grasp that submitting a claim form to the Commission is not the same thing as filing a claim with the Commission.
I understand that the Commission, for reasons of its own, prefers claim forms to be submitted both electronically and on paper. I concede that a thorough reading of the webpage will eventually lead to the realization — counterintuitive to many individuals in this era of Internet commerce — that “submitting a claim form” is different from “filing a claim” and that, until a signed paper copy of the claim form is received by the Commission, no claim is filed. But I am at a loss to understand why the Commission has chosen to bury this critical information in the fine print on its website.
Chesapeake Surgical, Ltd,., et al. v. Hranicka, No. 0327 (Sept. Term, 2013) (concurring Opinion by Kehoe, J.), at 1-2.
It appears that, subsequent to the Court of Special Appeals decision and perhaps in light of it, the Commission revised its website to make the instructions concerning the filing of a hard copy of the electronic submission more prominent.
At the hearing before the Commission in this case, Commissioner Miraglia outlined a very sensible approach under which the date of electronic submission of a claim is considered to be the filing date unless the claimant fails to follow through with the claimant’s signed form and authorization for disclosure of health information. This approach is similar to the treatment *311 of electronic submissions under this Court’s rules for electronic filing in the courts. See Maryland Rules 20-202, 20-406. Moreover, identifying the submission of the electronic claim form as the key date for limitations purposes would also be consistent with the longstanding statutory policy that the Workers Compensation Law is to be “construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes,”[5] particularly in a case such as this one where the employer concedes that Mr. Hranicka suffered a work-related injury and the insurer concedes that it was not prejudiced by the fact that the signed hard copy arrived at the Commission one day late. While the practice espoused by the Commissioner in this case is in accord with other electronic filing systems and serves the underlying policy of the Workers Compensation Act, the language of the Commission’s regulation that requires a paper submission to “file” a claim is an impediment.
Nothing prevents the Commission from revising its regulations to adopt the approach expressed by Commissioner Miraglia. Indeed, it might well help the Commission carry out the General Assembly’s direction to adopt procedures “as simple and brief as reasonably possible.”
Chief Judge BARBERA and Judge GREENE have authorized me to state they join in this opinion.

. The current regulation reads:
04 Filing Forms and Documents with the Commission.
A. Forms and documents may be filed with the Commission by one of the following methods:
(1) Electronically through the [Web-Enabled File Management System];
(2) In person; or
*309 (3) By mail addressed to the Commission’s principal office in Baltimore City.
COMAR 14.09.01.04 (emphasis added).

. The claim had to be filed with the Commission within two years of January 21, 2010. Because January 21, 2012 fell on a Saturday, the actual deadline was Monday, January 23, 2012. See Maryland Code, General Provisions Article, § 1-302; Grayson v. State, 354 Md. 1, 14, 728 A.2d 1280 (1999). According to the electronic time stamp on the claim, Mr. Hranicka submitted it on January 17, 2012. The mailed copy was physically stamped in by someone at the Commission on Tuesday, January 24, 2012.

. COMAR 14.09.02.02A(9)(b).

. The website currently states, as it did when Mr. Hranicka submitted his claim in 2012:
"The completed/submitted form must be printed ON WHITE PAPER, must display the date stamp at the bottom of the form, must be signed where indicated on page 1 and page 2 by the injured worker and must be mailed to the Commission in a timely manner (such as within 10 business days) to file your claim.”
(emphasis added). See <http://www.wcc.state.md.us/WFMS/Cl_Web Forms.html> (last visited June 8, 2015). The date stamp at the bottom of the form is the date added by the electronic filing system.

. Montgomery County v. Deibler, 423 Md. 54, 61, 31 A.3d 191 (2011) (citations and quotation marks omitted).